◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD OLIVER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered June 1, 1983, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The brief references by the prosecutor and the two police officers who testified on behalf of the prosecution to the large number of prior narcotics arrests which had been made in the area where defendant was apprehended were not sufficiently significant, in the context of the trial viewed as a whole, to have had a substantial prejudicial impact upon defendant's case. Moreover the defense attorney referred extensively to the narcotics activity in that area, during both his opening statement and his summation, in order to refute the prosecution's contention that the glassine envelopes containing heroin which the police officers recovered belonged to defendant (*see, People v Castro,* 101 AD2d 392). The Trial Judge did not commit reversible error by denying the request of the defense attorney for a missing witness charge regarding the failure of the prosecution to call as a witness the third police officer who was a member of the narcotics team which apprehended defendant. The record strongly suggests that the testimony of this retired police officer would have been merely cumulative of that of the other two officers who testified on behalf of the prosecution at the trial. Moreover, assuming error was committed, the error must be deemed harmless beyond a reasonable doubt, in view of the overwhelming evidence of his guilt (*see, People v Crimmins,* 36 NY2d 230).

We have considered the remaining contention raised by the defense and find it to be without merit. Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.