■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v C. EDWARD LEGRAND, Respondent.—Order unanimously reversed on the law, defendant's motion denied and indictment reinstated. Memorandum: The court erred in granting defendant's motion to suppress the gun found in his car following his arrest based on its determination that the police lacked probable cause to arrest defendant. Probable cause requires information sufficient to support a reasonable belief that an offense is being committed or that evidence of a crime may be found in a certain place *(People v Bigelow,* 66 NY2d 417, 423; *see, Brinegar v United States,* 338 US 160, 175, *reh denied* 338 US 839). Probable cause does not require proof beyond a reasonable doubt, but information making it "more probable than not" that a crime has taken place and that the individual arrested is its perpetrator *(People v Carrasquillo,* 54 NY2d 248, 254). Probable cause may be supplied, in whole or in part, through hearsay information *(People v Bigelow, supra).* When the informant is an identifiable citizen, the People need not make the independent showing of reliability and basis of knowledge required when the informant is anonymous *(People v Hicks,* 38 NY2d 90, 93-94; *People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790).

Applying those rules, we conclude that the police had probable cause to arrest defendant for criminal possession of a weapon. Relying primarily on information provided by Officer Broughton, the police knew that Broughton was defendant's girlfriend, that defendant lived at Broughton's house, that defendant had emotional problems and was behaving errati-

cally, that a .357 magnum was missing from Broughton's home, that defendant had access to the gun, and that Broughton feared for her life. In addition to that information, the police had knowledge of other facts which confirmed Broughton's report that defendant was acting strangely and possibly presented a threat to her. About three hours prior to his arrest, and shortly before the gun was discovered missing, defendant appeared at police headquarters in an agitated state wearing a bulletproof vest. He surrendered a loaded .45 caliber automatic and demanded to be arrested. Defendant said that he had been given the gun with instructions to kill someone, then said unidentified persons were conspiring and threatening to kill him, then said he was working for the F.B.I., and finally that he was surrendering the gun as a favor for a friend. Before leaving the police station, defendant requested that a departmental stress counselor accompany him to 1081 North Street to see the persons who defendant variously said were threatening him or whom he had threatened. Finally, approximately two hours before defendant's arrest and about the time Broughton reported the gun missing, the police received a 911 report that someone had called a television station to warn that there was going to be a shooting on North Street. (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.