■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 26, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession

of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the seventh degree (two counts), criminal use of drug paraphernalia in the second degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested during a so-called "buy and bust" operation shortly after he sold cocaine to an undercover police officer. He argues that it was error for the court to have denied his application for a missing witness charge with respect to the People's failure to call a second undercover officer, who had driven to the area with the first and who, he argues, may have witnessed the transaction. We conclude that the trial court properly denied the defendant's application.

The defendant provided no evidence that the second undercover officer had observed the transaction despite the fact that such information could have been elicited during the cross-examination of the first undercover officer, which followed the charge conference. Accordingly, the defendant failed to prove that the missing witness was knowledgeable about a material issue in the case (see, People v Gonzalez, 68 NY2d 424, 427). Moreover, even assuming that the second undercover officer had witnessed the transaction, there is no indication that his testimony would have been noncumulative (see, People v Gonzalez, supra, at 427; People v Bradley, 112 AD2d 441).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.