■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CAUFIELD, Appellant.—Judgment unanimously affirmed. Memorandum: Under the facts of this case, the prosecution was not required to produce at the suppression hearing the dispatcher of the radio transmission to prove that the police had probable cause to arrest defendant. Here, unlike *People v Lypka* (36 NY2d 210), the content of the radio transmission itself demonstrated that the sender possessed the requisite probable cause for the police to act. The information transmitted included the facts that the dispatcher received a telephone call from JoAnn Buda, who said that her house was then being shot at by a driver of a gold and white pickup truck which she recognized as belonging to defendant. Although the facts stated in the transmission were hearsay, probable cause may be supplied, in whole or in part, through hearsay *(People v Bigelow,* 66 NY2d 417, 423; *People v Landy,* 59 NY2d 369, 375; *People v LeGrand,* 142 AD2d 977). These facts show not only that the dispatcher had received information constituting probable cause, but also that he had received the information from a reliable source, a named person who had just observed the crime being committed *(see, People v Thompson,* 128 AD2d 566; *People v Crespo,* 70 AD2d 661).

Although the court improperly received in evidence as a business record *(see,* CPLR 4518 [a]) the claim forms submitted

by the victim to her insurance carrier, the error was harmless. Proof of value was derived not from the claim forms submitted by the victim, but from the appraisal forms, which were properly received in evidence. (Appeal from judgment of Genesee County Court, Morton, J.—criminal mischief, second degree; reckless endangerment, second degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.