■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS LEONARDO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered August 8, 1986, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested in the course of a "buy and bust" operation in which a police informant, who was previously acquainted with the defendant, acted as a middleman by arranging a sale of a quantity of cocaine to two undercover officers. The defendant attempted to establish at trial that he had been framed by the informant, who allegedly brought the defendant to the scene of the arrest on the pretext that the informant had arranged a job interview for him.

The defendant claims that the court improperly precluded cross-examination of one of the undercover officers. We conclude that the matters sought to be explored were collateral and bore only remote relevance to the facts in issue. Thus, the court did not abuse or improvidently exercise its broad discretion to regulate the scope of cross-examination of this officer (see, People v Paul, 143 AD2d 107, 108).

The defendant's claim that the court should have given a missing witness charge concerning four police officers compris-

ing the backup team is without merit. A missing witness charge should be given where it is shown "that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" *(People v Gonzalez,* 68 NY2d 424, 427; *see also,* 1 CJI[NY] 8.53, at 443). Once this showing is made, the court may deny the request if the opposing party can show that the witness's testimony would be only cumulative *(People v Gonzalez, supra,* at 427-428). There is no evidence on this record that these four officers, who were some distance away from the location of the crime awaiting a signal to come in and arrest the defendant, observed anything that would make their testimony relevant to any material issue in the case. In any event, the record strongly suggests that any relevant testimony would have been merely cumulative *(see, People v Oliver,* 108 AD2d 879, 880).

We reject the defendant's claim that the police informant, who testified at trial, was an interested witness as a matter of law *(see, People v Suarez,* 125 AD2d 350).

We have reviewed the defendant's remaining contentions and find that they do not warrant reversal *(see, People v Novoa,* 70 NY2d 490; *People v Jacome,* 145 AD2d 571). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.