■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND PEREZ, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J., at trial and sentence), rendered on December 15, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of from 4½ to 9 years' imprisonment, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution, the defendant's guilt of criminal sale of a controlled substance in the third degree was proven beyond a reasonable doubt. Narcotics police officers presented consistent testimony that the defendant, a male Hispanic, 30 years of age, 5 feet, 11 inches tall, weighing 175 pounds, and dressed in a distinctive manner, wearing grey sweat pants, no shirt, white sneakers, a cloth head covering and a cap, and two accomplices, sold three vials of crack to an undercover police officer in exchange for $25 in prerecorded buy money, with seven more vials of crack recovered from the defendant's sneaker after his arrest. *(People v Malizia,* 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984].) The conflicting testi-

mony given by the defendant and his brother concerning the circumstances of their arrest presented nothing more than a question of credibility, which the jurors chose to resolve in favor of the People. *(People v Mosley,* 112 AD2d 812, 814 [1st Dept 1985], *affd* 67 NY2d 985 [1986].)

Finally, there is no merit to defendant's contention that the trial court erred in refusing to give a missing witness charge, instructing the jurors to draw inference to the People from the absence at trial of a black female police officer who the defendant and his brother claimed participated in their arrest.

The defendant failed to satisfy his burden of showing that the probable testimony of the female officer, who was only one of six or seven other police officers present during their arrest, would have been anything but cumulative or that the witness's testimony would have been relevant to a material issue at trial. *(People v Gonzalez,* 68 NY2d 424, 429 [1986]; *People v Stridiron,* 33 NY2d 287, 292 [1973].) Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.