■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR PAEZ, Appellant.—Judgment, Supreme Court, New York County (John Bradley, J.), rendered January 5, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and sentencing him, as a predicate felon, to two concurrent indeterminate terms of imprisonment of from 4½ to 9 years, unanimously affirmed.

The sole testimony at trial regarding defendant's sale of narcotics to an undercover police officer was given by Detective Masci, who observed the transaction in broad daylight, from a distance of 50 feet. On appeal, defendant argues that the trial court erred in denying his request for a missing witness charge with respect to Masci's partner, Officer Panoccio, and his supervisor, Sergeant Bradley.

An examination of the record, however, establishes that Officer Panoccio had not observed the sale, despite the fact that he was with Detective Masci, and that Sergeant Bradley was not even present at the scene of the sale. These circumstances would have served to rebut defendant's prima facie showing of the materiality of these witnesses, a burden defendant was required to meet in order to warrant the charge, and one which we conclude, in any event, was not met here. *(See, People v Gonzalez,* 68 NY2d 424, 427.)

We have considered defendant's remaining claims on appeal and find them to be without merit. Concur—Rosenberger, J. P., Kassal, Ellerin and Wallach, JJ.