■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABY GONZALEZ, Also Known as GAMBINO CONRAD GONZALEZ, Also Known as GABY GOMEZ, Appellant.—Judgment, Supreme Court, New York County (Howard E. Bell, J.), rendered May 25, 1989, convicting defendant after jury trial of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him as a predicate felon to concurrent terms of 5-10 years imprisonment, unanimously affirmed.

A police officer, using eight-power binoculars, observed defendant from the rooftop of a 12-story building from a distance of about 120-140 feet, selling vials of cocaine to two separate individuals. The two buyers were arrested in possession of the contraband, and defendant was subsequently apprehended while still in the officer's line of sight. The arresting backup officer seized two more vials of cocaine and a quantity of cash from defendant. Any inconsistencies between the testimony of the observing officer and the arresting backup officer were inconsequential, and in any event were within the province of the jury to resolve *(People v Rodriguez,* 168 AD2d 210, 211).

Defendant's claim that a missing witness charge should have been given, raised for the first time on this appeal, is without merit. There is no reason to believe that other backup officers who had not observed the transactions could have

provided material testimony of more than cumulative value *(People v Perez,* 157 AD2d 581, *lv denied* 75 NY2d 922; *see, People v Paez,* 159 AD2d 259, *lv denied* 76 NY2d 740).

The prosecutor's comments on summation, as tempered by curative instructions from the bench, were fair response to defendant's attack on the credibility of the People's witnesses *(see, People v Galloway,* 54 NY2d 396). Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.