■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARR, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered August 27, 1989, convicting defendant after a jury trial of criminal possession of a weapon in the third degree for which he was sentenced as a second felony offender to three and one-half to seven years, unanimously affirmed.

During an early morning patrol, undercover officers observed defendant and two male companions walking the streets. An undercover officer approached defendant and from a distance of approximately fifteen feet, observed him remove an object from his abdominal area, which was then discarded into a metal trash can. While defendant was momentarily detained, this officer removed an operable gun from the can. Although, another uniformed patrol officer responded, these officers were not called as witnesses.

Under the standards set forth in *People v Bleakley* (69 NY2d 490, 495) the evidence was legally sufficient, and the verdict was not against the weight of the evidence. The prosecutor's opening statement did not warrant dismissal under the standards set forth in *People v Kurtz* (51 NY2d 380, *cert denied* 451 US 911). Defendant's contention that the trial court erred in precluding impeachment of the police officer by unrelated testimony provided in an unrelated prosecution, is meritless. Such testimony had no relevance to the present prosecution. Defendant failed to meet his burden of demonstrating that responding uniformed officers had made relevant observations *(see, People v Paez,* 159 AD2d 259), or that any such testimony would have been non-cumulative. Finally, the record does not support defendant's appellate contention that a deliberating juror broke sequestration, or that any other violation of CPL 310.10 occurred. Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.