■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LYONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 15, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a joint trial, the defendant was convicted of criminal sale of a controlled substance in the third degree. The defendant argues that the court's refusal to admit testimony of two police officers, serving as a back-up in this "buy and bust" operation, which testimony concerned the undercover officer's description of the sellers in his radio transmission made moments after the sale and the court's denial of his request for a missing witness charge, deprived him of a fair trial.

Hearsay is a statement "not made in the course of the trial in which it is offered * * * if it is offered for the truth of the fact asserted in the statement" (Richardson, Evidence § 200 [Prince 10th ed]). It is settled law that testimony of police witnesses as to the substance of the radio communication made by an undercover police officer which includes a description of the individual from whom the undercover officer purchased drugs is inadmissible hearsay *(see, People v Solano,*

159 AD2d 738; *People v Briggs,* 156 AD2d 574; *People v Canty,* 153 AD2d 640, 642; *People v Caufield,* 148 AD2d 985; *People v Beckford,* 138 AD2d 613). Thus, we find that the court did not err in sustaining the People's objection to the admission of this evidence on hearsay grounds.

A missing witness charge should be given where it is shown "that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" *(People v Gonzalez,* 68 NY2d 424, 427). Once this showing is made it becomes incumbent upon the People, in order to defeat the request, to account for the absence of the witness or otherwise demonstrate that the charge would not be appropriate, which can be accomplished by demonstrating that the witness is not knowledgeable about the issue or that the testimony would be cumulative *(People v Gonzalez, supra,* at 428). It appears that Police Officer Mahatchik, who recorded the undercover officer's radio description and who was a few blocks away from the location of the drug sale, was not in a position to have knowledge of material issues or to have observed anything that would make his testimony relevant to any material issue in the case *(see, People v Kitching,* 78 NY2d 532; *People v Paez,* 159 AD2d 259; *People v Leonardo,* 151 AD2d 504, 505; *cf., People v Erts,* 138 AD2d 506, 507, *affd* 73 NY2d 872). Moreover, it "would naturally be expected" that if Mahatchik were called, his testimony would have been cumulative *(see, People v Fields,* 76 NY2d 761, 763).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to reach it in the interest of justice. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.