■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BROWN, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Clabby, J.), rendered September 26, 1989, convicting him of criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence under Indictment No. 969/89, and (2) an amended judgment of the same court (Browne, J.), also rendered September 26, 1989, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of stolen property in the third degree under Indictment No. 3935/88.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contentions, the trial court did not commit reversible error by denying his request for a missing witness charge. To establish his entitlement to such a charge, it was incumbent on the defendant to demonstrate that there was an uncalled witness who could be expected to have knowledge about a material issue and to testify favorably to the prosecution *(see, People v Kitching,* 78 NY2d 532). In the instant case the defendant failed to meet this burden. Although the People did not call as a witness the partner of the arresting officer, the defendant failed to establish that this uncalled witness had knowledge about the identification issue central to this prosecution. The arresting officer testified that he observed the defendant's flight from the stolen vehicle and that his partner pursued another occupant of the vehicle who fled in the opposite direction. The arresting officer apprehended the defendant without ever losing sight of him. There was no evidence to support the defense theory that the arresting officer had lost sight of the driver of the stolen vehicle during the foot pursuit and had mistakenly arrested the defendant. Moreover, the defendant failed to demonstrate that the uncalled witness, who pursued another suspect in a different direction, would have been able to shed any light on this claim of misidentification, as the arrest of the defendant occurred one block away from the place where the occupants abandoned the stolen vehicle. Accordingly, as the defendant

did not demonstrate that the uncalled witness would have been in a position to have knowledge of the circumstances surrounding the defendant's arrest, it was not error for the court to deny his request for a missing witness charge *(see, People v Dianda,* 70 NY2d 894; *People v Lyons,* 178 AD2d 492, *lv granted* 79 NY2d 921; *People v Torres,* 146 AD2d 658).

The defendant's claim that the prosecutor's summation deprived him of a fair trial is without merit, as the remarks challenged on appeal were appropriate responses to comments made during the defendant's summation *(see, People v Gordon,* 172 AD2d 771; *People v Morgan,* 136 AD2d 749). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.