■ FREDERICA KURDILLA, Appellant, v. FRANCES SCHWARTZ, Respondent, et al., Defendant.— Appeal by plaintiff from a judgment of the Supreme Court, Nassau County, entered March 16, 1967 in favor of defendant Frances Schwartz upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. It was error to admit into evidence a statement over the telephone to an insurance broker, allegedly made by a defendant who did not witness the accident, because the statement was a self-serving declaration which was hearsay and therefore was prejudicial to plaintiff (*Johnson* v. *Lutz*, 253 N. Y. 124; *Williams* v. *Alexander*, 309 N. Y. 283; *Cox* v. *State of New York*, 3 N Y 2d 693). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ HYMAN MITTMAN, Appellant, v. MEYER S. MITTMAN, Defendant. JEAN MITTMAN, Respondent. — Appeal by plaintiff from an order of the Supreme Court, Kings County, dated March 3, 1969, which granted the motion of Jean Mittman, a judgment creditor of defendant, to vacate a confession of judgment entered in the office of the County Clerk of Kings County in the sum of $15,005 in favor of plaintiff against defendant, on the ground that said judgment was in fraud of creditors. Order reversed, on the law and in the exercise of discretion, without costs, and case remitted to Special Term for a hearing and a new determination, as herein indicated. The findings of fact below have not been affirmed. In our opinion the confession of judgment was sufficiently detailed and definite to meet the requirements of CPLR 3218. In view of the conflicting affidavits and supporting proof, it should not have been held void as in fraud of creditors without a hearing; and a plenary hearing should be held so that all the facts may be adduced and evaluated (*Albert* v. *Wender*, 19 A D 2d 737). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES EDWARD GUNN, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated December 21, 1967, which denied his motion with respect to his sentence, without a hearing. Appeal dismissed. The order appealed from in effect denied a motion for resentence. Such an order is not appealable (Code Crim. Pro., § 517; see *People* v. *Poole*, 31 A D 2d 768). Nevertheless, as defendant requested, we have also considered this matter on the merits and, if we were not dismissing the appeal, we would affirm the order. In light of the record of the proceedings in 1957, when defendant pleaded guilty to, and was sentenced for, attempted assault in the second degree, it appears that his rights were then protected; that the court then apprised him that he was being sentenced for attempted assault in the second degree, as a felony. Thus, his claim that he should not have been sentenced as a second felony offender in 1965 is without merit. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.