■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL JOHN MILEA, JR., Appellant.—Appeal from a judgment of the County Court of Madison County, rendered November 27, 1978, upon a nonjury verdict convicting defendant of the crime of criminal possession of stolen property in the third degree. The People proved that on January 22, 1978, skis and accessories were stolen at a certain ski resort. On January 29, 1978 the defendant was observed in possession of such property and when asked in regard thereto, he stated he owned it. Thereafter, he was questioned by a Deputy Sheriff and again asserted ownership by virtue of a purchase from a named individual for which he produced a receipt. To establish a criminal possession of stolen property it is essential to prove that the defendant had knowledge that the property was stolen *(People v Raco,* 68 AD2d 258, 260). When circumstantial evidence is relied upon solely to prove knowledge, as in this case, the proof need not exclude all other hypothesis than guilty, however, it must be proof beyond a reasonable doubt. *(People v Von Werner,* 41 NY2d 584, 590.) In this particular case, the only element established was that the defendant possessed the property. There is no proof of any other facts and circumstances as to knowledge. Mere possession of the property is

not sufficient to establish guilty knowledge when the record contains a full explanation by the defendant (cf. *People v Williams,* 53 AD2d 999). In this case the defendant produced a receipt and there is nothing which would *in any way* impugn his story (cf. *People v Von Werner, supra).* Indeed, the defendant's full explanation was spread upon the record as a part of the People's case, leaving no issues of credibility for the trier of the facts. Judgment reversed, on the law and the facts, and indictment dismissed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.