■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILAS MORRIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 14, 1978, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. (The jury had also found defendant guilty of unauthorized use of a vehicle, but the trial court dismissed that count.) Judgment modified, on the law, by reversing the conviction of criminal possession of stolen property in the first degree, and the sentence imposed thereon, and reinstating the conviction of unauthorized use of a vehicle. As so modified, judgment affirmed, and the criminal possession count is dismissed. Defen-

dant was indicted, *inter alia,* on counts of criminal possession of stolen property (an automobile) in the first degree and unauthorized use of a vehicle. After the jury returned guilty verdicts on both of these counts, the court, on motion by defendant, set aside the conviction of the lesser included offense of unauthorized use of a vehicle (see *People v Grier,* 37 NY2d 847; ·*People v Mafucci,* 53 AD2d 701). The People proved only one fact which would tend to inculpate the defendant in the crime of criminal possession of stolen property: the defendant was arrested while seated in the back seat of a stolen car parked in a bus stop. Another person arrested with the defendant possessed the keys to the vehicle and apparent indicia of ownership. A third person occupied the passenger side of the front seat. The physical condition of the car did not suggest that it had been stolen. On this record, there was insufficient proof that the defendant knew the vehicle had been stolen. Moreover, such evidence does not establish defendant's voluntary possession of the car (see Penal Law, § 10.00, subd 8; *People v Johnson,* 71 AD2d 692). Defendant was only properly convicted of the crime of unauthorized use of a vehicle. Technically, the trial court, in setting aside the guilty verdict as to unauthorized use, dismissed that count. Such dismissal, however, is not an acquittal of the count dismissed (see *People v Grier, supra,* p 848, citing CPL 300.40, subd 3, par [b]: "A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, *but not an acquittal thereon"* [emphasis supplied]). Accordingly, reinstatement of the guilty verdict on the count of unauthorized use does not constitute double jeopardy (cf. *People v Darrisaw,* 68 AD2d 822). A remand for resentence is not necessary since defendant has already served the maximum time to which he could be sentenced on the conviction of unauthorized use of a vehicle (see *People v Bell,* 55 AD2d 624). Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.