■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES EDWARDS, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Murray, J.), entered May 10, 1982, which granted defendant's motion to set aside the jury verdict to the extent of setting aside that portion convicting defendant of criminal possession of stolen property in the first degree.

Order affirmed.

At approximately 9:00 P.M. on January 21, 1981, two men committed a robbery at an Amoco gas station on Atlantic Avenue in Brooklyn. After taking money and other property from two employees who were on duty at the station, the men fled in a van belonging to one of the employees. Two days later, on January 23, 1981, a police officer observed defendant driving the employee's van. The burglar alarm on the van was ringing. When the police officer attempted to stop the van, defendant sped off. A high-speed chase ensued, culminating when defendant crashed the van. Defendant, proceeding on foot, ran into an

apartment building, entered an apartment, and dove out of the kitchen window. Defendant was then arrested.

Thereafter, defendant was indicted, *inter alia,* for robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the second degree, criminal possession of stolen property in the first degree and unauthorized use of a vehicle. After a trial, the jury acquitted defendant on the robbery and grand larceny counts, but found him guilty on the criminal possession of stolen property in the first degree and unauthorized use of a vehicle counts.

Upon motion by defendant, the court set aside the conviction of criminal possession of stolen property in the first degree on the ground that there was insufficient proof that defendant knew the vehicle was stolen.

We affirm. Since defendant was acquitted on the counts arising out of the January 21, 1981 incident, we must turn to the proof adduced at trial with respect to the events of January 23, 1981, to determine the sufficiency of the evidence. Defendant's flight upon the approach of the police, together with the ringing burglar alarm, tend to demonstrate that defendant was operating the vehicle without the owner's consent, a necessary element of the crime of unauthorized use of a vehicle (Penal Law, § 165.05, subd 1 [now unauthorized use of a vehicle in the third degree]). The People failed to request an instruction on the inference arising from the recent and exclusive possession of the fruits of a crime and therefore that inference was not considered by the jury in reaching its verdict on the charge of criminal possession of stolen property in the first degree (cf. *People v Galbo,* 218 NY 283; *People v Moro,* 23 NY2d 496). The People's proof on that charge, in the absence of the inference arising from possession of the fruits of a crime, was insufficient to establish that defendant knew the vehicle was stolen, a necessary element of criminal possession of stolen property in the first degree (Penal Law, § 165.50). Accordingly, the latter charge was properly dismissed (see *People v Morris,* 73 AD2d 695).

Parenthetically, we note our disagreement with the People's concession that unauthorized use of a vehicle is a lesser included offense of criminal possession of stolen property in the first degree. Application of the two-pronged test enunciated by the Court of Appeals in *People v Glover* (57 NY2d 61) demands a preliminary review of the statutes governing the greater and lesser offenses without regard to the facts of the particular case. Viewed in the abstract, it is possible to commit the crime of criminal possession of stolen property without concomitantly, by the same conduct, committing the crime of unauthorized use of a

vehicle. The property required to be possessed under the former statute need not be a motor vehicle, while the latter statute refers to that specific type of property (see *People v Harrington,* 99 AD2d 854). Cases decided before *Glover (supra)* which reached a contrary result upon similar facts must be deemed, to that extent, to have been overruled by the *Glover* decision (e.g., *People v Tuozzo,* 82 AD2d 813; *People v Turner,* 61 AD2d 845; *People v Mafucci,* 53 AD2d 701). Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.