■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER TANNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered April 29, 1983, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the facts, and indictment dismissed. This case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Even when viewed in a light most favorable to the prosecution, the evidence fails to establish the defendant's guilt beyond a reasonable doubt. In establishing criminal possession of stolen property in the third degree, it is essential to prove that the defendant had knowledge that the property was stolen *(People v Rodriguez,* 75 AD2d 829). When solely circumstantial evidence is relied upon to prove this knowledge, as in this case, the proof need not exclude every hypothesis other than guilt; however, it must constitute proof beyond a reasonable doubt *(People v Von Werne,* 41 NY2d 584, 590; *People v Milea,* 72 AD2d 902). The prosecution proved that the defendant was in possession of a stolen New York State driver's license which he was alleged to have purchased on the street. There was no proof of any other facts and circumstances regarding defendant's guilty knowledge. Thus, the People's proof on this charge was insufficient to establish that the defendant knew the driver's license was stolen, a necessary element of criminal possession of stolen property in the third degree (Penal Law § 165.40). Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.