■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. SMITH, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 27, 1984, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.

During February 1984, the firms of Monroe Interiors and Rochester Acoustical Corporation (Rochester) were engaged in the installation of suspended ceilings at the Crossgates Mall construction site in Albany County. During the period in question defendant was employed by Monroe Interiors, which was owned by Rick Anderson and Charles Kohlmetz. On March 27, 1984, defendant was indicted on a single count of criminal possession of stolen property in the first degree. The indictment alleged that on or about February 17, 1984 defendant knowingly possessed stolen property with the intent to benefit himself. The property consisted of 36 packages of ceiling tile and 16 boxes of ceiling grid. This property was allegedly stolen from Rochester.

At the ensuing trial, bills of lading were presented which demonstrated that the seized ceiling tile had the same manufacturer's run numbers, and the seized ceiling grid had the same part numbers as materials delivered to Rochester. There was no direct evidence of ownership since the packages and boxes were marked with only the manufacturer's label. Defendant explained, both in a statement to the police and at trial, that he had arranged for the temporary storage of the subject property at the request of Kohlmetz. According to defendant, he believed the material was owned by Monroe Interiors and was being stored for a few days until it could be used by Monroe Interiors at Crossgates Mall. Nothing was introduced to refute this explanation. Defendant was convicted as charged and this appeal ensued.

We reverse. In order to establish the crime of criminal

possession of stolen property in the first degree, it is essential to prove that the defendant had knowledge that the property was stolen (Penal Law § 165.50; *People v Milea,* 72 AD2d 902). In this case there is no proof of such knowledge *(cf. People v Edwards,* 104 AD2d 448, 449; *People v Morris,* 73 AD2d 695). Mere possession of the property is not sufficient to establish guilty knowledge where, as here, the record contains a full explanation by defendant *(see, People v Milea, supra).*

Judgment reversed, on the law and the facts, and indictment dismissed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.