■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FELDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McBrien, J.), rendered December 11, 1985, convicting him of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of stolen property in the first degree, vacating the sentence imposed

thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

At approximately 4:15 P.M. on August 14, 1984, the complainant accidentally locked his automobile with the keys in the ignition. When he returned 20 to 30 minutes later, after searching unsuccessfully for a duplicate set of keys, the car was missing. The theft was immediately reported to the police. At about 9:00 P.M., three witnesses observed the defendant driving and otherwise exercising control over the stolen car not far from where it was taken. The following evening the defendant was arrested with the automobile's keys in his possession. The car, which was quickly located in a nearby parking lot, was missing its radio, but was otherwise undamaged. The defendant's girlfriend testified that at approximately 7:30 P.M. on the day of the theft, she observed a casual acquaintance of the defendant, of whose name she was uncertain, give him some car keys with instructions that they be delivered to the acquaintance's brother.

The defendant contends that the evidence was insufficient to establish that he knew the vehicle had been stolen, a necessary element of criminal possession of stolen property in the first degree (see, Penal Law former § 165.50). We agree.

The People failed to request an instruction on the inference arising from the recent and exclusive possession of the fruits of the crime (see, People v Galbo, 218 NY 283; 1 CJI[NY] 9.80, at 564-571). Therefore, that inference was not considered by the jury in arriving at its verdict on the charge of criminal possession of stolen property in the first degree (see, People v Edwards, 104 AD2d 448; People v Hunt, 112 AD2d 781). Absent the inference, the proof on that charge was insufficient to establish that the defendant knew that the vehicle was stolen.

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.