■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRADLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered April 3, 1986, convicting him of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 19, 1985, the defendant and another were apprehended while in possession of a late-model Oldsmobile which was later determined to have been stolen from a National Car Rental lot in Queens, New York. As a result, the defendant was charged with criminal possession of stolen property in the first degree, unauthorized use of a vehicle in the third degree and unlawfully operating and driving a motor vehicle on a public highway without being duly licensed. After a jury trial, the defendant was found guilty as charged; however the court thereafter dismissed the unlicensed operator conviction.

The defendant contends that the evidence was insufficient to establish that he knew the vehicle had been stolen, a necessary element of criminal possession of stolen property in the first degree *(see,* Penal Law former § 165.50). We disagree.

There is no question that the People failed to request an instruction on the inference arising from the recent and exclusive possession of the fruits of a crime, and the inference therefore was not considered by the jury in reaching its verdict on the charge of criminal possession of stolen property

in the first degree *(see, People v Felder,* 132 AD2d 705; *People v Edwards,* 104 AD2d 448). Nevertheless, contrary to the defendant's contentions, the proof as to that charge, absent the inference arising from the possession of the fruits of a crime, was sufficient to establish that the defendant knew the vehicle was stolen. The Oldsmobile in question had National Car Rental stickers affixed to it and had a cracked windshield, a missing radio and a damaged dashboard with loose hanging wires. In addition, the defendant's own testimony was inherently incredible, leading to the only conclusion that the defendant knew that the vehicle was stolen.

Specifically, the defendant testified that he rented the car from someone he barely knew only by his street name; that he did not know for which rental agency this person worked; that he did not know where this person had obtained the automobile; that he told this person that he did not have a driver's license and that this person was, nevertheless, willing to rent him the damaged car at a price which the defendant knew to be above the market rate; that this person never provided him with a rental contract or registration for the car; that he was to return the car at 11:00 P.M. that night to a designated street corner, but not to a designated person, and that he was to leave the keys in the car's ignition upon its return; that he was at the location where he was arrested because he had rented the car to go to a job interview with a man he could not name at a factory whose name, location, telephone number and type of business he could not identify; and that he claimed he never noticed the National Car Rental stickers that were affixed to the car, even though the arresting officers, as well as National's security manager, testified that there was not one, but several stickers affixed to the Oldsmobile. The evidence, therefore, was more than sufficient to support the defendant's conviction of criminal possession of stolen property in the first degree, even without the recent and exclusive possession inference *(cf., People v Felder, supra; People v Edwards, supra).*

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.