THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN BURNETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered September 5, 1986, convicting him of criminal possession of stolen property in the first degree, unauthorized use of a vehicle in the third degree, and reckless driving, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the convictions of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

On July 31, 1985, Police Officer John Butler and his partner

observed the defendant driving a late-model Lincoln Town Car heading westbound on Prospect Avenue in New Cassel. Butler then saw the defendant pull over to the curb and have a conversation with someone Butler knew to have a criminal record. Butler and his partner, who were in an unmarked car heading eastbound, decided to make a U-turn and investigate. As they did, the defendant pulled away from the curb abruptly and began driving his car erratically. A high-speed chase ensued, terminating when the defendant was stopped by a marked police vehicle.

Butler approached the defendant and asked him for his license, registration and insurance card. The defendant responded that he "didn't have any [license, registration or insurance card], that he just got out of jail, he was on parole, and he didn't want to get in trouble". Butler then arrested the defendant.

Thereafter, the defendant was indicted for criminal possession of stolen property in the first degree, unauthorized use of a vehicle in the third degree and reckless driving. After a jury trial, he was convicted on all three counts.

The defendant initially contends that the court erred in admitting his on-the-scene statements because the People failed to meet the notice requirements of CPL 710.30. The People concede that the statements should not have been admitted, but claim that any error was harmless. We conclude, however, that it was not harmless with respect to the criminal possession of stolen property and unauthorized use of a vehicle counts.

The record reveals that the only real issues in this case concerned whether the defendant knew that the car which he was driving was stolen (a necessary element of criminal possession of stolen property in the first degree [Penal Law § 165.50]) and whether he knew that he was operating the car without the owner's consent (a necessary element of unauthorized use of a vehicle in the third degree [Penal Law § 165.05 (1)]). In the absence of the erroneously admitted statements, we conclude that the requisite knowledge was not established on the criminal possession of stolen property count.

It is true that the defendant fled when approached by the police and that this was some evidence of guilty knowledge. However, such evidence traditionally has been held to be of slight probative value (see, People v Jones, 118 AD2d 86, 93). Moreover, while it is true that the defendant was found in recent and exclusive possession of the stolen car and that a

jury, if so instructed, may draw the inference from such possession that the defendant knew the car was stolen *(see, People v Bradley,* 143 AD2d 276; *People v Felder,* 132 AD2d 705; *People v Edwards,* 104 AD2d 448), the People failed to request such an instruction. Accordingly, the inference was not considered by the jury in reaching its verdict on the charge of criminal possession of stolen property in the first degree. Absent the inference and the improperly admitted statements, the proof of guilty knowledge on that count was legally insufficient; hence, that count of the indictment must be dismissed *(see, People v Felder, supra; People v Edwards, supra).*

We also conclude that there was legally sufficient evidence with respect to the crime of unauthorized use of a vehicle in the third degree in the absence of the erroneously admitted statements. In addition to the evidence of flight, a representative of the organization which owned the vehicle testified that the defendant had no permission to use the vehicle, and the court charged the jury that "a person who takes, operates, exercises control over, rides in or otherwise uses a vehicle without the consent of the owner is presumed to know he did not have such consent" *(see,* Penal Law § 165.05 [1]). However, while the People's proof on the unauthorized use of a vehicle count was legally sufficient, it was not so overwhelming as to render the erroneous admission of the statements harmless. Although under these circumstances we would ordinarily order a new trial as to this count, a new trial would serve no purpose here, as the defendant has already served the full sentence imposed on his conviction of unauthorized use of a vehicle in the third degree, a relatively minor crime. Accordingly, we dismiss that count of the indictment in the interest of justice *(see, People v Baldwin,* 53 AD2d 646; *cf., People v Roopchand,* 107 AD2d 35, 38, *affd* 65 NY2d 837).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review, academic in view of our disposition of the appeal, or lacking in merit. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.