■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

TOMMY CANTY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 23, 1983, convicting him of criminal possession of stolen property in the first degree, reckless driving (two counts), and leaving the scene of an accident, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of stolen property in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On June 16, 1982, at 10:35 P.M., two police officers in plain clothes driving an unmarked vehicle observed the defendant driving a white Audi with out-of-State license plates at a high rate of speed, and saw it execute a turn without signalling. The officers activated their dome light and siren but the defendant failed to stop. The defendant was apprehended following a chase which resulted in an accident with another vehicle. At the trial, one officer testified, without objection, that he had learned that the car was stolen from a radio transmission. The second officer testified, over objection, that he had learned who it was who owned the Audi and, after he "refreshed his recollection" from a computer printout, he testified that the vehicle was registered to a Pennsylvania corporation. The leasing agent from the Pennsylvania corporation which allegedly owned the car thereafter testified that although the vehicle had been leased to a third party from August 1979 to April 1982, the car had been reported stolen in New York in April 1982. No insurance claim had been made until after it was recovered following the defendant's arrest in June. The defendant was not listed as an authorized driver on the leasing agreement.

The People failed to proffer legally sufficient evidence that the car was stolen, or of the defendant's knowledge that it was stolen. Accordingly, the defendant's conviction of criminal possession of stolen property in the first degree must be reversed.

We initially reject the defendant's contention that the testimony of the lessee was necessary in order to establish who was the owner of the vehicle. The testimony of the authorized leasing agent that the car was owned by the Pennsylvania corporation in June 1982 was sufficient to establish ownership since the leasing agent had a possessory right which, however limited or contingent, was superior to that of the defendant

(see, Penal Law § 155.00 [5]; *People v Hutchinson,* 56 NY2d 868, 869). However, all of the testimony intended to establish that the car was stolen constituted hearsay, and therefore the proof of this element of the crime was insufficient due to the absence of any competent evidence.

An officer may not testify that a car is stolen based upon his "own personal knowledge" where the source of that knowledge is a police radio transmission, since such testimony constitutes hearsay (see, e.g., *People v Beckford,* 138 AD2d 613, 614; *People v Johnson,* 122 AD2d 812, 813). Similarly, an officer's testimony is hearsay where his "personal knowledge" is based upon computerized sources or reports from unknown third parties, since there is no evidence that the report of the stolen vehicle was made by one under a duty to report, and the computerized printout is inadmissible (cf., *People v Alexander,* 136 AD2d 332, 335-336; *Quaglio v Tomaselli,* 99 AD2d 487, 488). Finally, although the leasing agent could testify with regard to the Audi's ownership, he clearly learned the Audi was stolen from some other source, and if that source was the lessee, then the lessee should have been called to testify as to the circumstances of its disappearance (cf., *Kurdilla v Schwartz,* 33 AD2d 573). As a result, the People failed to prove the car was stolen beyond a reasonable doubt.

In addition, while it is true that the defendant fled when approached by the police, and that this was some evidence of guilty knowledge, such evidence traditionally has been held to be of slight probative value (see, Richardson, Evidence § 167 [Prince 10th ed]; *see also, People v Burnett,* 149 AD2d 717; *People v Edwards,* 104 AD2d 448, 449). Moreover, the People failed to request an instruction on the inference arising from the defendant's recent and exclusive possession, and absent the inference, the proof of guilty knowledge was legally insufficient (see, *People v Zorcik,* 67 NY2d 670, 671; *People v Burnett, supra; People v Hunt,* 112 AD2d 781; *People v Edwards, supra; People v Schillaci,* 68 AD2d 124, 125; cf., *People v Bradley,* 143 AD2d 276, 277).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review, academic in view of our disposition of the appeal, or lacking in merit. Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.