■ ESTATE OF STANLEY ZELMAN, Respondent, v JAMES SCIBELLI, Appellant, et al., Defendant.—Appeal by the defendant Scibelli from an order of the Supreme Court, Nassau County (Becker, J.), entered March 30, 1988, which denied his motion to vacate a judgment by confession.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Stanley Zelman, was a client of the defendant Scibelli, who was a stockbroker. In early 1979, Zelman charged Scibelli with engaging in improper trading, resulting in a financial loss to Zelman in the amount of $30,000. Thereafter, Scibelli executed a "STATEMENT AND CONFESSION OF JUDGMENT", dated June 26, 1979, acknowledging a debt to Zelman in the amount of $30,000. Zelman died on November 8, 1979. On November 16, 1979, eight days after Zelman's death, a judgment by confession against Scibelli, in the principal amount of $30,000, was entered in the Nassau County Clerk's office. Zelman's widow was named executrix of his estate and was granted letters testamentary on July 24, 1980.

By order to show cause dated October 28, 1987, i.e., almost eight years after entry of the judgment by confession, Scibelli moved to vacate the same, alleging, *inter alia,* that it was improperly entered after Zelman's death. The Supreme Court denied the motion.

"[G]enerally, only a third-party judgment creditor has standing to question on motion the validity of a judgment by confession, and * * * a defendant debtor who seeks to attack such a judgment must proceed by plenary action" *(City of Poughkeepsie v Albaino,* 122 AD2d 14; *Mittman v Mittman,* 33 AD2d 573). Therefore, the defendant Scibelli's motion herein was improper *(see, City of Poughkeepsie v Albaino, supra; Mittman v Mittman, supra).*

In any event, since a judgment by confession may be entered "without an action" (CPLR 3218 [a]; *see generally, Atlas Credit Corp. v Ezrine,* 25 NY2d 219), any alleged impropriety in the entry of the judgment after the judgment creditor's death and before the appointment of his personal representative does not render the judgment void. We have reviewed the appellants' remaining arguments and find them to be without merit. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.