■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROLANDO GOMEZ, Respondent.—Order, Supreme Court, New York County (Jay Gold, J.), entered September 7, 1988, which dismissed the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient to sustain the offense charged, unanimously reversed, on the law, and the indictment reinstated, and the case remanded to the Supreme Court for further proceedings.

The evidence before the Grand Jury included the testimony of the arresting police officer who watched defendant enter a parked car with Massachusetts license plates on the Lower East Side of Manhattan and drive off. The police officer followed the car and radioed a description. After receiving a response, the officer stopped the car, and the defendant attempted to flee, but he was caught and arrested. The officer also noticed that the car's radio was missing and exposed wires were in its place.

The deposition of the owner of the car was read to the Grand Jury. He stated that he owned the automobile in question, that it was valued over $3,000, and that he did not give defendant permission to use it.

Based upon this evidence presented, the Grand Jury indicted defendant for the crime of criminal possession of stolen property in the third degree.

The defendant's motion to dismiss this indictment on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offense charged was granted

by the trial court, which reasoned that the evidence was insufficient to establish that the car was stolen or that defendant knew it was stolen, citing *People v Edwards* (104 AD2d 448).

However, in order for the Grand Jury to issue an indictment, the People need only present legally sufficient evidence to establish that the accused committed the offense charged and "reasonable cause" to believe the accused committed the offense (CPL 190.65 [1]). On a motion to dismiss for legal insufficiency (CPL 210.20 [1] [b]), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish "reasonable cause" *(People v Jennings,* 69 NY2d 103, 114-115). The evidence must be viewed most favorably to the People, and an indictment may be dismissed only upon a clear showing that the evidence, unexplained and uncontradicted, would not permit a petit jury to convict defendant after trial. *(Supra.)*

Here, the evidence, viewed under this standard, clearly supports defendant's indictment for the crime of criminal possession of stolen property in the third degree (Penal Law § 165.50). The only elements found lacking by the trial court were the interrelated factors that the car was stolen and defendant's knowledge that the car was stolen. However, there was enough evidence, legally sufficient for the indictment stage of the proceedings, to support these elements. Defendant's knowledge that the car was stolen may be shown circumstantially, such as by evidence of the defendant's conduct *(see, People v Zorcik,* 67 NY2d 670). Here the evidence that someone other than the defendant owned the car and that defendant was found in possession without the owner's permission, as well as the fact that defendant tried to flee, provided ample basis for the inference that he was aware that the car was stolen *(see, People v Yazum,* 13 NY2d 302).

*People v Edwards (supra),* relied on by the trial court, is inapplicable since that case involved a jury verdict after trial. By relying on that case, the Trial Judge applied an incorrect standard. Under the standards applicable to a motion to dismiss an indictment, this case withstands scrutiny. Accordingly, the order dismissing the indictment is reversed, and the indictment reinstated. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.