■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOAQUIN CONCEPCION, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Clabby, J.), dated June 27, 1989, as granted that branch of the defendant's omnibus motion which was to dismiss the first count of the indictment.

Ordered that the order is modified by adding a provision that the dismissal of the first count of the indictment charging burglary in the second degree is without prejudice to the People to re-present that charge to another Grand Jury; as so modified, the order is affirmed insofar as appealed from.

We have reviewed the evidence which was before the Grand Jury and conclude that the first count of the indictment, charging the crime of burglary in the second degree, was not supported by legally sufficient evidence. In the context of a Grand Jury proceeding, the sufficiency of the People's presentation is determined by inquiring into whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(see, People v Jennings,* 69 NY2d 103, 144; *People v Pelchat,* 62 NY2d 97; *People v Flores,* 122 AD2d 806).

Although the evidence presented to the Grand Jury established that shortly after the burglary, the defendant was observed in possession of two of the complainant's radios in close proximity to the scene of the crime, the prosecutor failed to instruct the Grand Jury on the inference arising from the recent and exclusive possession of the fruits of a crime *(see, People v Galbo,* 218 NY 283). Therefore, that inference was not considered by the Grand Jury in determining that a prima facie case of burglary in the second degree had been presented *(see, People v Bester,* 163 AD2d 873; *People v Burnett,* 149 AD2d 717; *People v Felder,* 132 AD2d 705). Absent the inference, the proof presented was insufficient to establish that the defendant was the individual who committed the subject burglary, and thus the burglary count of the indictment was properly dismissed *(see, People v Whitfield,* 158 AD2d 922; *People v Burnett, supra; People v Felder, supra).* Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.