■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MOUTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 14, 1988, convicting him of criminal possession of stolen property in the third degree under Indictment No. 772/88, upon a jury verdict, and imposing sentence, and an amended judgment of the same court, also rendered September 14, 1988, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree under Indictment No. 960/87.

Ordered that the judgment and amended judgment are affirmed.

On February 2, 1988, the police located the complainant's 1987 Nissan automobile parked near the corner of 203rd Street and 118th Avenue in Queens. The vehicle had no license plates or registration sticker, the vehicle identification number had been defaced, the door lock had been forced and the ignition pulled from the steering column. However, none of the car's windows had been broken. After having ascertained that the vehicle was stolen and having contacted the owner, a police officer returned to the vehicle some two hours later. Upon arrival the officer noted that a rear window of the car had been smashed and the defendant was hunched over the steering wheel. The officer heard a clicking noise coming from the engine, and from a distance of some 10 feet, observed the defendant attempting to start the car with a screwdriver. In light of the foregoing, there is no merit to the defendant's contention that the evidence was insufficient to prove beyond a reasonable doubt that he "knowingly possesse[d] stolen property" (see, Penal Law § 10.00 [8]; § 165.50; People v Bradley, 143 AD2d 276). This is the case even though the People never requested an instruction on the inference arising from the recent and exclusive possession of the fruits of a crime (see, People v Bradley, supra).

Likewise there is no merit to the defendant's assertion that the evidence was insufficient to support a finding that the vehicle had a value in excess of $3,000. The People's expert testified that, based upon the mileage on the vehicle as testified to by its owner, and the need to entirely replace the door whose lock had been forced, the car would have a value of $10,000. Although the prosecutor failed to inquire as to what effect the broken window and pulled ignition would have had on the car's value, the jury could clearly have concluded based upon the evidence adduced that the vehicle's value would still have been well in excess of the statutory minimum (see, People v Perez, 139 AD2d 603, 604; People v James, 111 AD2d 254, 255-256, affd 67 NY2d 662; see also, People v Davis, 155 AD2d 611; cf., People v Rivera, 114 AD2d 301).

The defendant's present claim that the indictment should have been dismissed due to the People's alleged failure to comply with the notice requirements of CPL 190.50 is unpreserved for appellate review, having been raised for the first time on appeal (see, CPL 190.50 [5] [c]).

We have examined the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.