◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 12, 1989, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial

was legally insufficient to support his conviction of the crimes of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree. Specifically, he contends that the People failed to prove that he had knowledge that the motorcycle which he was operating was stolen. We disagree.

There was no direct evidence to establish the defendant's knowledge of the fact that the motorcycle was stolen. However, "[k]nowledge that property is stolen may be shown circumstantially" *(People v Zorcik,* 67 NY2d 670, 671; *People v Baskerville,* 60 NY2d 374, 382-383; *People v Von Werne,* 41 NY2d 584, 590), and where "the issue is the sufficiency of the circumstantial evidence, we view the facts most favorably to the People * * * [and] [w]e assume that the [finder of fact] credited the prosecution witnesses and gave the prosecution's evidence the full weight that might reasonably be accorded it" *(People v Benzinger,* 36 NY2d 29, 32).

Upon viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The owner of the motorcycle, which was less than one year old and had only about 600 miles on it, testified that when he saw the motorcycle after the defendant was arrested, it was in deplorable condition. The side view mirrors were missing, the plastic framework around the bike was destroyed and hanging off, the headlight was smashed in and the gas tank looked as if someone had dragged the bike down the road. In addition, the whole ignition system was "blown out", exposing the wiring. Moreover, the owner had the only set of keys to the motorcycle. The arresting officer also testified as to the damaged condition of the motorcycle, stating that the ignition was completely broken apart with wires dangling out. From this testimony as well as from the defendant's own unbelievable explanation that a "street friend" who he knew only as "Al" let him use the motorcycle, the trial court could rationally conclude that the defendant knew that the motorcycle was stolen *(see, People v Bradley,* 143 AD2d 276; *see also, People v Zorcik,* 67 NY2d 670, *supra; People v Miller,* 114 AD2d 863). Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.