■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROGERS, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered April 11, 1991, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and possession of an imitation pistol (Administrative Code of City of NY § 10-131 [g]), and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

Defendant was arrested after he was observed by police officers driving a car that had been reported stolen several days before. At the time of the arrest, defendant was wearing a jacket later identified as a Transit Authority jacket that the owner of the car, a Transit Authority employee, said she had left in the trunk, and carrying an imitation pistol. Other personal items belonging to the victim were found in the car, including car keys on a Transit Authority key ring, a Transit Authority shield, and handcuffs. Viewing this evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), it was sufficient as a matter of law to establish beyond a reasonable doubt that defendant knew that the car had been stolen, even in the absence of a charge that such knowledge could be inferred from defendant's recent and unexplained exclusive possession of the car.

Indeed, it was nothing more than simple logic for the jury, on its own, to infer defendant's knowledge that the car was stolen from his recent and exclusive possession of it and other items belonging to the victim. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.