█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO NAVARRO, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Goldstein, J.), rendered May 22, 1990, convicting him of attempted kidnapping in the second degree, criminal possession of a weapon in the second degree, criminal possession of a forged instrument in the first degree, petit larceny, attempted robbery in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of stolen property in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On August 18, 1989, at approximately 10:40 P.M., Laurence Ahearn had his 1985 Pontiac 6000 double parked while he dropped a letter in a mailbox. A man raced to the car, got in, and drove off as Ahearn attempted to oust him from the car. On August 27, 1989, following a crime spree involving Ahearn's automobile, and giving rise to the crimes with which the defendant now stands convicted, the defendant and two other codefendants were arrested in Ahearn's automobile. At trial, Ahearn did not identify the defendant or any of the codefendants as the man who had taken his car.

The defendant contends, *inter alia,* that the evidence was insufficient to establish that he knew the vehicle had been stolen, a necessary element of criminal possession of stolen property in the fourth degree *(see,* Penal Law § 165.45). We agree.

The People failed to request an instruction on the inference arising from the recent and exclusive possession of the fruits of the crime *(see, People v Galbo,* 218 NY 283; 1 CJI [NY] 9.80, at 564-571). Therefore, that inference was not considered by the jury in arriving at its verdict on the charge of criminal possession of stolen property in the fourth degree *(see, People v Edwards,* 104 AD2d 448; *People v Hunt,* 112 AD2d 781). Absent that inference, the proof on that charge was insufficient to establish that the defendant knew the vehicle was stolen. There were no other independent facts from which the jury could infer the necessary knowledge *(cf., People v Bradley,* 143 AD2d 276).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.