■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAH CHARLES, Appellant. [601 NYS2d 921] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered October 22, 1991, convicting defendant, after jury trial, of one count of criminal possession of stolen property in the third degree and eight counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years on the third degree conviction, and 2 to 4 years on the fourth degree convictions, unanimously affirmed.

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the People proved defendant's guilt of the crimes charged beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). Contrary to defendant's argument on appeal, the jury's inference of defendant's knowledge that the automobile he was driving and the credit cards found strewn therein were stolen, was a matter of simple logic, with no need for a specific jury instruction that such an inference could be made based upon defendant's recent and unexplained exclusive possession of the car and other items belonging to the complainants *(People v Rogers,* 186 AD2d 438, 439, *lv denied* 81 NY2d 765). The trial court properly precluded evidence that the passenger in the car driven by defendant had absconded prior to trial, as irrelevant to the issues before the jury. Although defendant attempted to introduce such evidence as indicative of the passenger's guilt and defendant's innocence, and flight may be of some limited probative force as evidence of consciousness of guilt *(People v Yazum,* 13 NY2d 302, 304), the passenger's guilt is not determinative of defendant's guilt or innocence, because possession "if joint is no less possession" *(People v Tirado,* 38 NY2d 955, 956). Defendant was properly convicted of criminal possession of stolen property in the fourth degree

under the fourth count of the indictment, as the automobile plan membership card in question entitled the complainant/holder to telephone for emergency automobile towing services anywhere in the country, using an account number indicated on the card, and obtain those services based upon the credit account represented by that card. Thus, the card in question clearly falls within the definition of a "credit card" under General Business Law § 511 (1), which provides, in pertinent part, that the term "credit card" means any "identification card * * * which may be used * * * to purchase * * * services on the credit of the issuer or of the holder". Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.