■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAMILTON, Appellant. [611 NYS2d 639] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 17, 1993, convicting him of criminal possession of stolen property in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the evidence that he knowingly possessed a stolen vehicle is legally insufficient. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to support the verdict of guilt (see, People v Hall, 177 AD2d 592; People v Mouton, 173 AD2d 569; People v Bradley, 143 AD2d 276; People v Bolling, 60 AD2d 655). The defendant was found in the driver's seat of a stolen car. When the police approached, he attempted to drive away. The defendant had shifted gears from park to neutral, and he was attempting to put the car into drive, when the police stopped him. Furthermore, the defendant admitted that the locks on the door and trunk of the car were missing and that the top of the steering column was broken.

We further find that the court's failure to charge the jury that it could infer that the defendant knew the car was stolen from his recent and exclusive possession of it does not render the evidence in this case legally insufficient. There is sufficient evidence in the record which indicates that the defendant knew the car was stolen (see, People v Bradley, supra; People v Mouton, supra). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.