■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [640 NYS2d 232] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 20, 1993, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing a sentence of $3^{1}/_{2}$ to 7 years imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from $3^{1}/_{2}$ to 7 years imprisonment to $2^{1}/_{2}$ to 5 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the pros-

ecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. We find no merit to the defendant's contention that the People failed to prove that he had knowledge that the property in his safe deposit box was stolen. The jury could reasonably infer, without the benefit of an inference charge, that the defendant knew that the items in his exclusive possession were stolen from the testimony of the burglary victims, as well as from the evidence that the defendant carried in his wallet a key to the safe deposit box containing the victims' jewelry (*see,* Penal Law § 165.50; *see also, People v Hamilton,* 204 AD2d 482; *People v Charles,* 196 AD2d 750; *People v Rogers,* 186 AD2d 438; *People v Bradley,* 143 AD2d 276). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Moreover, it was proper for the court to deny that branch of the defendant's omnibus motion which was to suppress the physical evidence. Since the key to the safe deposit box was discovered during the initial search of the defendant that was incident to his lawful arrest, the subsequent retrieval of the key from the defendant, who was still in custody, did not violate his Fourth Amendment rights (*see, United States v Edwards,* 415 US 800, 802; *see also, People v Natal,* 75 NY2d 379, *cert denied* 498 US 862).

The defendant contends that the court improperly sentenced him as a second felony offender without first holding a hearing. However, the record shows that the court repeatedly offered to adjourn the sentencing for the purpose of giving the defendant an opportunity to challenge the prior conviction and that the defendant declined the offer each time. Under these circumstances, the defendant waived his right to appellate review of this claim (*see, e.g., People v Andre,* 132 AD2d 560). However, we find the sentence to be excessive to the extent indicated.

The defendant's remaining contentions, including those raised by his supplemental *pro se* brief, are either without merit or unpreserved for appellate review (*see,* CPL 470.05 [2]; *see also, People v Udzinski,* 146 AD2d 245). Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.