(February 7, 2008)

■ The People of the State of New York, Respondent, v Lamar Whitehead, Appellant. [850 NYS2d 444]—

Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered November 27, 2006, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him to a term of one year, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

A motor vehicle recovered from defendant's possession was obtained by using the stolen identity of a Tennessee resident to obtain a loan from Capital One Auto Financing, on which no payments were ever made. A woman purporting to be the Tennessee native used the proceeds to purchase the 2004 Range Rover from Midland Auto Mall in Bronx County in February 2005.

Defendant makes the tortured argument that the evidence is insufficient to support his conviction for third-degree criminal possession of stolen property because New York law exempts "property obtained by the use of fraudulent identity from the classification of 'stolen property' " (citing UCC 2-403). He further argues that the buyer of a vehicle is the registered owner, who has an unfettered right of redemption upon payment of the amount owed plus any expenses (citing General Obligations Law § 7-401).

These statutory provisions afford no assistance to defendant. UCC 2-403 merely provides that a holder having only voidable

title to merchandise can nevertheless convey good title to a good faith purchaser for value, a classification that hardly befits defendant. While the statute protects the title of the transferee, it does not enhance the title of a holder, such as defendant, who procured delivery of the vehicle by fraud (UCC 2-403 [1] [d]). Defendant does not argue that he is a good faith transferee from the purported purchaser of the vehicle, and this provision is inapposite.

The right of redemption would be material only if the Tennessee "buyer" (who denied ever visiting New York), not defendant, were the party charged with criminal possession of the vehicle. Defendant does not claim to be the buyer so as to entitle him to exercise the right of redemption pursuant to Personal Property Law § 302 (General Obligations Law § 7-401 [1]), and this provision is likewise unavailing.

The presumption that the person named on the certificate of title is the owner of the vehicle is subject to rebuttal (*see Dorizas v Island Insulation Corp.*, 254 AD2d 246, 247 [1998], *lv denied* 93 NY2d 810 [1999]). The only evidence of title is a New Jersey title certificate from Creative Leasing, at whose auction the Range Rover was purchased by Midland Auto Mall. In any event, acquisition of a title certificate from a department of motor vehicles by fraudulent means does not suffice to bestow even voidable title (*see Green v Arcadia Fin.*, 174 Misc 2d 411, 413 [1997], *affd for reasons stated below* 261 AD2d 896 [1999], *lv denied* 93 NY2d 816 [1999]). When defendant sought to introduce a Pennsylvania title certificate listing the owner of the vehicle as one Errol Beadle, a Brooklyn resident, the prosecutor offered evidence that the certificate had been obtained by using a forged New Jersey title. The court properly exercised its discretion to exclude the questionable Pennsylvania certificate in the absence of Mr. Beadle's testimony concerning the circumstances under which it was obtained (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]). Defendant did not object that the court's refusal to receive evidence of the vehicle's ownership infringed upon his right to present a defense, and this issue is unpreserved for appellate review.

There is no merit to defendant's contentions that his conviction is unsupported by sufficient evidence or is against the weight of the evidence. A verdict will not be set aside on the ground of insufficient evidence unless "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

The People offered evidence to establish that defendant possessed the subject Range Rover, which he used for his own benefit, that its value exceeded $3,000 and that he knew it to be stolen (Penal Law § 165.50), and the court properly received evidence demonstrative of his knowledge (see People v Ventimiglia, 52 NY2d 350, 359 [1981]; People v Rogers, 186 AD2d 438 [1992], lv denied 81 NY2d 765 [1992]). Defendant's objection to the relevance of certain evidence failed to apprise the court of his present complaint that it constituted evidence of uncharged crimes, and this issue is likewise unpreserved.

The subject vehicle was observed on two occasions parked in defendant's driveway, and he was driving it at the time it was recovered by police in Manhattan. Numerous traffic summonses were found in the vehicle, including one issued to defendant for driving the Range Rover with a suspended license and 20 parking tickets issued between March 2005 and January 2006. Also found was a Con Edison bill that had been altered and submitted to Capital One Auto Financing to place the residency of the purported buyer in Brooklyn. Upon searching defendant's home, police recovered the New Jersey certificate of title from Creative Leasing, a copy of the purchase agreement executed by Midland Auto Mall in the amount of $56,000 and a computer that, analysis later established, had been used to open an on-line account in the purported buyer's name, the account from which an online purchase application was submitted to Midland. As to the identity of the actual "owner" of the vehicle, it is sufficient that the record establishes Capital One Auto Financing as an entity having a right of possession superior to defendant's (Penal Law § 155.00 [5]), as the court charged to the jury without objection. This Court declines to adopt the artifice suggested by defendant that a distinction must be drawn between the funds fraudulently obtained from Capital One and the vehicle later purchased with those funds. That the fraud perpetrated was elaborate does not render the manner in which the vehicle was obtained less fraudulent.

Our review of the record discloses nothing to indicate that the jury gave inappropriate weight to the evidence (Bleakley, 69 NY2d at 495). Defendant's assertion that the court erred in failing to give a circumstantial evidence charge is unpreserved by timely objection and, in any event, such charge was unwarranted in view of the substantial direct evidence of his guilt (People v Daddona, 81 NY2d 990, 992 [1993]). Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.