■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROGER G. ELWOOD, Respondent. [880 NYS2d 197]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered June 3, 2008 in Chenango County, which granted defendant's motion to dismiss the indictment.

---

* Defendant's motion was supplemented in April 2008 to set aside the misdemeanor and sentence imposed thereon.

Defendant was indicted for sexual abuse in the first degree and endangering the welfare of a child based upon alleged conduct involving the touching of the buttocks of a young girl (born in 2000). He moved to dismiss the indictment on the ground that the evidence before the grand jury was not legally sufficient. Supreme Court granted the motion, finding that the evidence was insufficient to support an inference that the touching was made for sexual gratification. The People appeal.

We need not address whether the People's cursory presentation before the grand jury was sufficient as regards the issue of an inference of sexual gratification. Although the evidence is viewed in the light most favorable to the People (*see People v Swamp*, 84 NY2d 725, 730 [1995]; *People v O'Neill*, 285 AD2d 669, 670 [2001]) and "sexual gratification can be inferred from [relevant] circumstances" (*People v Stewart*, 57 AD3d 1312, 1315 [2008]; *see People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]), it is now apparent from the People's postindictment submissions that the victim's testimony before the grand jury pertained to a purported event that occurred in a different county and on a different date than the alleged crimes for which defendant was indicted. Given the lack of lucidity in the grand jury minutes as to where the alleged incident occurred and the confusion on such issue that came to light after defendant had been indicted, we agree with Supreme Court that dismissal is appropriate. We grant the People's request, however, to modify to make clear that the dismissal is without prejudice to the People re-presenting the charges to another grand jury (*see People v Concepcion*, 167 AD2d 413, 413 [1990]; *see also People v Barabash*, 18 AD3d 474, 474 [2005]).

Cardona, P.J., Peters, Kane and McCarthy, JJ., concur. Ordered that the order is modified, as a matter of discretion in the interest of justice, by adding a provision thereto granting leave to the People to re-present the charges to another grand jury, and, as so modified, affirmed.