The People of the State of New York, Respondent, 
against
Carmen Riley, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Bruna L. DiBiase, J. at plea; Tamiko A. Amaker, J. at sentencing), rendered October 29, 2015, convicting her, upon a plea of guilty, of criminal possession of stolen property in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Bruna L. DiBiase, J. at plea; Tamiko A. Amaker, J. at sentencing), rendered October 29, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. Allegations that defendant "presented" two credit cards that were in the name of one Naomi Reyes - that the latter had reported lost or stolen - to pay for a meal at a specified restaurant were sufficient to charge defendant with fifth-degree criminal possession of stolen property (see Penal Law § 165.40; People v Peterson, 216 AD2d 10 [1995], lv denied 86 NY2d 800 [1995]; People v Martinez, 22 Misc 3d 131[A], 2009 NY Slip Op 50138[U] [App Term, 1st Dept 2009]). Contrary to defendant's present contentions, the pleaded allegations were sufficient to support a finding that defendant possessed stolen property consisting of two credit cards (see People v Starks, 70 AD3d 585, 586 [2010], lv denied 15 NY3d 757 [2010]; People v Garcia, 290 AD2d 299, 299 [2002], lv denied 98 NY2d 730 [2002]) and that she knew the cards were stolen (see Penal Law § 165.55[3]; see also People v Charles, 196 AD2d 750 [1993], lv denied 82 NY2d 892 [1993]).
Defendant's guilty plea waived any hearsay defect in the accusatory instrument (see People v Keizer, 100 NY2d 114, 122 [2003]; People v Casey, 95 NY2d 354 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2017