■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DAY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal possession of stolen property in the first degree and sentencing him to consecutive terms of imprisonment of 1 to 3 years. Defendant contends that the evidence was insufficient to show that he knew the property was stolen, that he was denied his constitutional right to a speedy trial, that he was denied the effective assistance of counsel, that the record is insufficient to permit appellate review, and that the sentence is harsh and excessive.

The evidence concerning defendant's sale of two vehicles to an undercover police officer, which transactions were photographed, videotaped, and audiotaped by police, was sufficient to show defendant's knowledge that the property was stolen. A defendant's knowledge that property in his possession was stolen may be shown by his recent and exclusive possession of the property following its theft, by his conduct, or by his contradictory statements *(People v Zorcik,* 67 NY2d 670, 671; *People v Von Werne,* 41 NY2d 584, 590). Here, defendant's sale of a new pickup truck for approximately one quarter of its value permits the inference that he knew it was stolen. That inference is also supported by defendant's statement to the undercover officer that the truck was not on the hot list yet. Defendant's knowledge that the second vehicle was stolen was shown by proof of his recent and exclusive possession of the car following its theft. The People established that defendant offered the vehicle for sale either on the day it was stolen or the day before and that he sold it the next day. In addition, defendant's consciousness of guilt may be inferred from his sale of the vehicle for approximately one third of its value and his repeated assurances to the undercover officer that it had not yet been reported stolen.

Upon our review of the factors set out in *People v Taranovich* (37 NY2d 442), we conclude that defendant was not denied his constitutional right to a speedy trial. The People showed a valid excuse for the delay, defendant was only briefly incarcerated, and defendant failed to show any prejudice as a result of the delay.

Defendant was not deprived of his right to effective assistance of counsel. Most of defendant's contentions in this

regard concern matters outside the record and thus cannot be reviewed on direct appeal. Those contentions which concern matters on the record do not demonstrate that defendant received ineffective assistance.

The record is adequate to permit appellate review. The tapes were made available to defendant prior to trial *(cf., People v Floyd,* 41 NY2d 245, 253-254) and are of sufficient quality to justify their receipt into evidence and to permit review of defendant's contentions.

Finally, the court did not abuse its discretion in sentencing defendant to consecutive terms of 1 to 3 years as defendant was implicated in an ongoing enterprise. (Appeal from judgment of Onondaga County Court, Auser, J.—criminal possession of stolen property, first degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.