■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MORGAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's contentions that the court erred in its charge on reasonable doubt and on assessing the credibility of a police officer witness were not preserved for review and do not require reversal in the interest of justice. Although the court inappropriately referred to "equally balanced scales" in discussing reasonable doubt, the court's charge, when viewed as a whole, conveyed the proper legal standards (see, People v Hartle, 151 AD2d 1003, lv denied 74 NY2d 810; People v Cooper, 147 AD2d 926, 927, lv denied 74 NY2d 738). On this record, defendant's sentence is not excessive. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—burglary, third degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER BESTER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of stolen property in the third degree, arguing that the evidence was legally insufficient because the People failed to prove knowledge that the property was stolen. The charges stem from defendant's sale of a fibergastroscope, a medical instrument, to a pawnbroker for the sum of $20; the owner of the medical instrument testified that it was worth $12,000. The People failed to request, and the court did not charge, the inference of knowledge arising from the recent and exclusive possession of the fruits of a crime, and the jury therefore could not consider this inference in arriving at its verdict (see, People v Felder, 132 AD2d 705; People v Hunt, 112 AD2d 781). However, even without the inference, there was sufficient proof that defendant knew the property to be stolen, given that it was a highly sophisticated piece of medical equipment, still in its original plastic wrapping, sold by defendant for a mere $20 the day after it was stolen (see, People v Day, 132 AD2d 987).

We have examined defendant's remaining contentions on appeal and find them lacking in merit. (Appeal from judgment of Erie County Court, D'Amico, J.—criminal possession of stolen property, third degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.