# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1187**
**KA 13-01452**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TERRY L. KENNEDY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 19, 2012. The judgment convicted defendant, upon a nonjury verdict, of attempted murder in the second degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of criminal possession of stolen property in the fourth degree and dismissing count four of the indictment, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, upon a nonjury trial, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of stolen property in the fourth degree (§ 165.45 [4]), defendant contends that the verdict is against the weight of the evidence.

We reject defendant's contention that the verdict is against the weight of the evidence with respect to the attempted murder charge. Defendant's incriminating statements to his friends and family both before and after his arrest manifest a clear intent to kill his victim, and we therefore conclude that the People proved defendant's intent beyond a reasonable doubt (*see generally People v Danielson*, 9 NY3d 342, 348-349; *People v Bleakley*, 69 NY2d 490, 495). The evidence further established that defendant was lying in wait with a loaded shotgun as his intended victim walked toward his position, and it was only through fortuitous police intervention that the murder was avoided. Inasmuch as the victim was mere seconds from entering the zone of danger when the police foiled the murder plot, we conclude that defendant came "dangerously close" to completing the murder (*People v Bracey*, 41 NY2d 296, 300), and the verdict is not against

the weight of the evidence in that regard (*see People v Naradzay*, 11 NY3d 460, 467-468).

We agree with defendant, however, that the verdict is against the weight of the evidence with respect to the count of criminal possession of stolen property inasmuch as the People failed to prove that defendant knew the shotgun was stolen (Penal Law § 165.45 [4]). Although the People submitted evidence that the shotgun had been stolen approximately 15 months before the attempted murder and that defendant had purchased it shortly before the attempted murder for twenty dollars, those facts, standing alone, do not establish defendant's knowledge that the gun was stolen (*see People v Rolland*, 128 AD2d 650, 651; *People v Hunt*, 112 AD2d 781, 781; *cf. People v Bester*, 163 AD2d 873, 873, *lv denied* 76 NY2d 891; *People v Day*, 132 AD2d 987, 987). We therefore modify the judgment accordingly.

Finally, the sentence is not unduly harsh or severe.

Entered:  December 23, 2016                          Frances E. Cafarell
                                                     Clerk of the Court