■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HARRING- TON, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered October 21, 1982, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. Sometime after 10:15 P.M. on April 29, 1982, a 1977 Datsun auto was taken without the permission of the owner, and shortly thereafter the police observed defendant and one Joseph Barbour in the vehicle proceeding the wrong way on a one-way street. The officers followed in a high-speed chase, culminating when defendant's vehicle went up on a curb and struck a power pole guidewire. Defendant, who was driving, was placed under arrest. The officers testified that defendant was disheveled, smelled of alcohol and exhibited signs commensurate with intoxication. The parties have stipulated that defendant's breathalyzer test resulted in a .20% blood alcohol content. The testimony showed that defendant had been drinking steadily since leaving work and that beer spilled on him during a pool game in a tavern. He claims he was given keys to an auto to go home for a clothes change and that he first learned the car was stolen after being placed under arrest. Barbour testified that defendant asked if he wanted to go for a ride, said that they would return to the bar, and admitted that he knew the car was stolen. Defendant's sole contention on this appeal is that the trial court erred in refusing to charge unauthorized use of a vehicle (Penal Law, § 165.05) as a lesser included offense of criminal possession of stolen property in the first degree (Penal Law, § 165.50), for which he was indicted and convicted. Resolution of this issue necessitates application of the two-pronged test outlined by the Court of Appeals in *People v Glover* (57 NY2d 61), pursuant to which a defendant must make two showings before a lesser included charge may be made. First, it must be established that the additional offense is actually a "lesser included of- fense", i.e., it is of a lesser grade or degree and that it is "theoretically impossible to commit the greater crime without at the same time committing the lesser" (*id.,* at p 64). Upon meeting this threshold, defendant must then demonstrate that there is a reasonable view of the evidence that would support a finding he committed the lesser but not the greater offense (see CPL 300.50). Defendant has failed to satisfy the first prong of the *Glover* test, which requires consideration in the abstract of the Penal Law definition of crime charged in the indictment in relation to the Penal Law definition of the proposed lesser included offense (see *People v Green,* 56 NY2d 427, 430). Unauthorized use of a vehicle (Penal Law, § 165.05) is not a lesser included offense of criminal possession of stolen property (Penal Law, § 165.50), since it is possible to be in possession of stolen property other than a motor vehicle. The former statute is confined to a specific type of property while the latter pertains to any type of property. As such, it is theoretically possible for one to criminally possess stolen property without concomitantly having satisfied the criteria for unau- thorized use of a vehicle. It is to be remembered that, under the new definition established by the Court of Appeals in *Glover,* we are constrained to a

preliminary comparative examination of the subject statutes, without regard to the facts of a particular case. Cases such as *People v Cook* (51 AD2d 1072) and *People v Ludolph* (63 AD2d 77), which reach a different conclusion, must be distinguished as having been decided before the *Glover* decision and thus are not controlling. Accordingly, it was not error to have refused defendant's request to charge. Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.