■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered June 17, 1985, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was observed, for a period of 10 to 12 minutes, attempting to forcibly gain entry into a private home. A police officer who responded to the scene testified that he apprehended the defendant, whom he saw fleeing from the scene and found hiding in some nearby bushes. The defendant was immediately returned to the scene, where he was positively identified by an eyewitness to his activities.

The defendant contends that the trial court improperly

refused his request to instruct the jury that an unfavorable inference could be drawn from the prosecution's failure to call as witnesses two other police officers who assisted in the defendant's apprehension. We disagree. Since the defendant failed to make a prima facie showing that these two officers were knowledgeable about a pending material issue, the trial court properly denied the defendant's request for a missing witness charge (see, People v Gonzalez, 68 NY2d 424, 427-428).

Moreover, no objections were raised to any of the challenged remarks made by the prosecutor in his summation, and, under the circumstances of this case, including the strong eyewitness identification, we decline to exercise our interest of justice jurisdiction. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.