■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS VICKS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction of criminal possession of stolen property in the first degree (Penal Law § 165.50). He contends that reversal is mandated by the trial court's failure to charge as a lesser included offense the crime of unauthorized use of a motor vehicle (Penal Law § 165.05). In *People v Ludolph* (63 AD2d 77) we held that based on the particular facts of a case the crime of unauthorized use of a motor vehicle could be a lesser included offense of the crime of criminal possession of stolen property. Thereafter, the Court of Appeals in *People v Glover* (57 NY2d 61, 64) adopted a theoretical impossibility test for lesser included offenses. Since it is theoretically possible for one to criminally possess stolen property without having committed the crime of unauthorized use of a motor vehicle, the trial court properly denied defendant's request to charge this crime as a lesser included offense. *(People v Glover, supra; People v Harrington,* 99 AD2d 854.) Defendant also asserts that prosecutorial misconduct during trial warrants reversal. Defense counsel did

not object to these actions, and consequently, any errors have not been preserved for our review. (CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324.) We decline to exercise our discretion in the interest of justice.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—criminal possession of stolen property, first degree.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.