■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL ERTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered March 17, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; no questions of fact have been raised or considered.

Under the circumstances of this case, the trial court erred by refusing the defense counsel's timely request for a missing witness charge with respect to the partner of the undercover officer who allegedly purchased cocaine from the defendant and a coperpetrator. The transaction took place on a sunny August afternoon. The undercover police officer and his partner parked their vehicle on the north side of Lott Avenue in Brooklyn facing west and just east of 53 Lott Avenue. The undercover police officer stepped out onto the sidewalk while the driver remained in the vehicle. A person identified as the defendant approached on a bicycle and asked the undercover officer what he wanted. The undercover officer replied, "twenty rock", which meant $20 worth of cocaine. This conversation took place "[i]mmediately to the [passenger's] side" of the vehicle. The undercover officer then followed the defendant west on Lott Avenue approximately 5 to 10 feet where the coperpetrator gave the defendant two tinfoil packets. The defendant opened one of the packets, displaying a white powder, and then gave it to the undercover officer in exchange for $20 in marked bills. This transaction took place on the sidewalk despite the undercover officer's request that they retire to a nearby alley. The undercover officer then returned

to his vehicle. He testified that from the vehicle he could see the defendant and the coperpetrator still standing on the sidewalk. The driver, who remained in the vehicle throughout the transaction, did not testify, nor was there any information provided as to his whereabouts or availability at the time of the trial.

The defendant was arrested while riding his bicycle a short distance from the scene of the transaction a few minutes later. He had no drugs or marked money on him at the time. The coperpetrator was arrested at the scene. He had cocaine and $15 of the marked bills. The defendant testified that he was in the area because he had gone to 41 Lott Avenue to speak to the superintendent about employment. He denied any knowledge about a drug transaction.

On this evidence, we hold that the defendant established prima facie that the undercover officer who was not called as a witness was knowledgeable about a material issue, i.e., the identity of the drug seller, which evidence was already in the case *(see, People v Gonzalez,* 68 NY2d 424, 427). It was established that the officer was in a position to observe the entire transaction. In addition, that officer would naturally be interested in the transaction and in the safety of his fellow officer. Thus, he would, presumably, have been motivated to pay attention to the events transpiring on the sidewalk. The defendant further established that the uncalled witness was in the control of the prosecution in that the witness would naturally be expected to provide testimony favorable to the prosecution *(see, People v Gonzalez, supra; People v Paduano,* 125 AD2d 715, 718, *lv denied* 70 NY2d 652). Finally, the issue of identity was seriously contested, and there is no indication that the driver's testimony would have been merely cumulative *(see, People v Gonzalez, supra,* at 430; *see also, People v Wright,* 41 NY2d 172, 176; *People v Brown,* 34 NY2d 658, 660). Thus, the defendant met the threshold requirements, and the burden shifted to the prosecution to show that the witness was unavailable. Because no information was offered in this regard, the defendant's request for a missing witness charge should have been granted. Although the evidence was legally sufficient, it was not so strong as to permit this error to be disregarded. Accordingly, a new trial is necessary.

We further note that at the new trial, the court should marshal the evidence in a balanced manner. A trial court is required to marshal the evidence only "to the extent necessary to explain the application of the law to the facts of the case" *(People v Saunders,* 64 NY2d 665, 667; CPL 300.10 [2]),

and need not "explain all the contentions of the parties or outline all the inconsistencies in the evidence" *(People v Saunders, supra,* at 667). However, to the extent that the court does refer to the evidence, it must be done in an evenhanded manner *(see, People v Chambers,* 73 AD2d 976). In this case, the People's evidence was described in detail with no mention of any inconsistencies, while the defendant's testimony was stated briefly with mention of the sole inconsistency adduced during cross-examination *(see, People v Williamson,* 40 NY2d 1073, 1074). Although standing alone this error was not so egregious as to warrant reversal, at the new trial it should be avoided. Bracken, J. P., Brown and Spatt, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment appealed from, with the following memorandum: Upon my view of the evidence, the defendant was not entitled to a missing witness charge with respect to the undercover officer who drove the private, nondepartmental vehicle to the scene of the drug transaction and who did not testify at trial. In order for the trial court to have granted the defense counsel's application for a missing witness charge, it would have been necessary to engage in speculation well beyond the parameters of the evidence adduced at trial. The record merely revealed that the testifying undercover officer was approached by the defendant on the sidewalk near the passenger side of the officers' vehicle while the nontestifying officer remained seated behind the steering wheel. The defense counsel failed to ascertain, in the course of his cross-examination of the undercover officer who made the drug purchase, such information as the distance the defendant had allegedly been from the officers' vehicle, precisely where he had stood in relation to that vehicle or even whether the nontestifying officer had been looking in the general direction of the sale. While, as the majority has noted, he would "presumably, have been motivated to pay attention to the events transpiring on the sidewalk", there was no evidence whatsoever that this was in fact the case. Stated succinctly, inasmuch as the defendant failed to make a prima facie showing that the undercover officer who remained in the nondepartmental vehicle during the entire transaction observed any part of the drug sale and was, therefore, knowledgeable about a pending material issue, the trial court properly denied the defendant's request for a missing witness charge *(see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v King,* 128 AD2d 805, 806, *lv denied* 70 NY2d 649).

The instant case is patently distinguishable from *People v Gonzalez (supra,* at 426), wherein the missing witness's clear observation of the defendant who was known to him was unequivocally referred to by the complainant in the course of her trial testimony. Additionally, the defendant's reliance upon *People v Wright* (41 NY2d 172) and *People v Brown* (34 NY2d 658) is likewise misplaced. In each of those cases, there existed ample evidence that the nontestifying police officer had had sufficient opportunity to observe first hand and had acted jointly with his partner who had been called to testify. In *People v Wright (supra,* at 176), the court made a specific finding that the testimony of the nontestifying police officer, who was physically present in the courtroom, would not have been merely cumulative or trivial in view of the impeachment and the uncertainties developed on the cross-examination of his partner who did testify. No such circumstances were present in the instant case.

It is well settled that even where the party requesting a missing witness charge has successfully established prima facie that the witness is knowledgeable and can be expected to testify favorably on behalf of the party who did not call him, the request is properly denied where the party opposing the charge demonstrates, *inter alia,* that the witness's testimony would be merely cumulative *(see, People v Gonzalez, supra,* at 427-428; *People v Almodovar,* 62 NY2d 126, 132-133; *People v Band,* 125 AD2d 683, 685). On the basis of the evidence adduced it is reasonable to infer only that the nontestifying officer could have corroborated the fact that he drove the nondepartmental vehicle to the site of the drug transaction and that he saw the defendant near his vehicle. Such testimony would merely have served to corroborate his partner's testimony to the extent that the partner had been in close proximity to the defendant. Any suggestion that the nontestifying undercover officer acted jointly with his partner in the actual drug sale or that his testimony could have resolved the disparities between his partner's version of the facts and that of the defendant is entirely speculative and unsupported by the record. To reverse a judgment of conviction and order a new trial on such a speculative ground does not, in my view, further the ends of justice.

Given the overwhelming evidence of the defendant's guilt provided by the facts that he matched precisely the detailed description provided by the undercover officer who made the purchase, that a photograph of the defendant taken shortly after his arrest also fit that description and that he acted

suspiciously and attempted to flee when the police, after identifying themselves, ordered him to stop, I cannot adhere to the majority's conclusion that the trial court's refusal to grant the defendant's request for a missing witness charge deprived him of a fair trial.

The defendant's remaining contentions are either unpreserved for our review or without merit, including the contention with respect to the trial court's marshaling of the evidence which, as the majority has conceded, would not alone warrant reversal. Accordingly, I vote to affirm the judgment appealed from.