■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISPIN LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered May 15, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 27, 1986, at approximately 3:30 P.M. an undercover police officer knocked on a steel door of apartment 2-I at 621 Rutland Road in Brooklyn, passed marked "buy money" through an opening in the door, and received a vial containing cocaine from an unseen occupant.

While the undercover officer was involved in the transaction at the apartment door, another undercover officer—who had accompanied the first officer to the second floor—was positioned approximately 20 feet away near a staircase from which he had an obstructed view of the transaction as it occurred. After the drug transaction was completed, the officer who made the purchase turned away from the door and walked toward his fellow undercover officer, who followed him down the stairs. A total of approximately five seconds elapsed between the end of the sale and the undercover officer joining his partner at the staircase.

As the two officers walked down the stairs, members of the back-up team ran past them up towards the apartment, where

they positioned themselves on the second floor stairway landing in such a way that they could observe the doorway. Shortly thereafter, the back-up team moved in to execute a search of the apartment, but discovered that the door was locked. When knocking proved unsuccessful, a "hurst tool" was brought to the scene with which the officers—after approximately 10 minutes—were able to open the door. Upon entering the apartment, the officers found the defendant sitting on a bed and, after searching the apartment, discovered quantities of United States currency, cocaine, marihuana, and a .38 caliber pistol. Significantly, back-up team Officer Abner Moore testified that he neither heard nor saw anyone leaving the apartment while he had it under surveillance.

Thereafter, the defendant took the stand and testified, in substance, that he was visiting a friend at the apartment in question and that after he had been in the apartment for an unspecified period of time, the friend departed, leaving him alone. He testified that a short time before the police entered the apartment, he heard "a lot of noise", but denied that he heard anyone identify himself as a police officer.

After the close of evidence, defense counsel requested that the court charge the jury that the second, uncalled undercover officer was a missing witness because he was a "witness to the incident" and because his testimony was "not merely cumulative". The defense counsel did not elaborate on his assertions by referring to the evidence adduced at trial which supported his contentions. The court declined to so charge. We affirm.

The Court of Appeals has observed that, "[u]nder certain circumstances, the failure of a party to produce at trial a witness who presumably has evidence that would 'elucidate the transactions,' requires a trial court, upon a timely request, to instruct the jury that an unfavorable inference may be drawn from the failure of the party to call such witness" (People v Gonzalez, 68 NY2d 424, 427, quoting People v Rodriguez, 38 NY2d 95, 98). The court also observed, however, that "the mere failure to produce a witness at trial, standing alone, is insufficient to justify the charge" and has further noted, inter alia, that it must be shown that the uncalled witness "is knowledgeable about a material issue * * * in the case" and will provide noncumulative testimony (People v Gonzalez, supra, at 427). The defendant has failed to discharge his burden in this respect.

The defendant's appellate contention apparently rests upon the speculative assertion that a perpetrator could have

emerged undetected from the apartment during the seconds which elapsed from the time the undercover officers walked down the stairs and the moment at which the approaching back-up team members placed the apartment under surveillance. The defendant suggests in support of this contention that the nontestifying undercover officer "was in the best position" to testify about this issue because he was "closest to the apartment during the time when no officer could see it".

The record in this respect belies the defendant's contention and merely reveals that when the two undercover officers met at the stairwell, the second, nontestifying undercover officer "followed" the first officer down the stairs. The first undercover's testimony with regard to his partner's following him down the stairs in no sense indicates that the nontestifying officer was materially closer to the apartment during the descent from the second floor such that he was in the "best position" to hear or see a perpetrator exit therefrom. Moreover, the testimony of Officer Moore, who observed the two undercover officers walking down the staircase, indicates that the men were together as they descended.

Further, we reject the suggestion that the nontestifying officer was in a "better position" to observe a perpetrator escape from the apartment during the approximately five seconds which elapsed as his partner walked toward him from the doorway to the nearby staircase. Accordingly, the court's refusal to give the jury a missing witness charge was not error in the absence of any indication that the nontestifying officer would have provided material and noncumulative testimony (see, People v Nieves, 138 AD2d 749, 750, lv denied 72 NY2d 864). The defendant's reliance upon People v Erts (138 AD2d 506, affd 73 NY2d 872) is misplaced. In Erts, there existed a substantial issue with regard to the defendant's identity as the perpetrator, in respect to which the testimony of the undercover's partner—who observed the entire drug transaction— would have been directly probative and material. The nontestifying undercover officer at bar was not in a position to provide testimony with regard to the issue of the defendant's identity.

We have reviewed the defendant's remaining contentions and find them to be either lacking in merit or unpreserved for appellate review. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.