■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY EVERETTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered June 6, 1988, convicting him of criminal sale of a

controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's belated objection to the entry into evidence of a photocopy of the prerecorded "buy" money has not been preserved for appellate review *(see,* CPL 470.05 [2]). In any event, we note that the document was clearly made in the regular course of business *(see, People v Kennedy,* 68 NY2d 569, 579-580). The defendant's claim that the chain of custody was unclear is belied by the record *(cf., People v Davis,* 44 NY2d 269). Nor does the presence on the exhibit of police notations, consistent with the testimony of the officers involved in the drug sale, warrant reversal *(cf., People v Cierzniewski,* 141 AD2d 828). In light of the overwhelming evidence of the defendant's guilt, any alleged error surrounding the admission of the photocopy with the notations was harmless *(see, People v Mullgrav,* 137 AD2d 839, 840).

The trial court did not err in denying the defendant's request for a missing witness charge with respect to the undercover officer who remained outside the building during the sale. The record contains no indication that the officer ever viewed the defendant or observed any part of the drug transaction. Consequently, the defendant failed to sustain his initial burden of making a prima facie showing of entitlement to a missing witness charge, i.e., by demonstrating that the uncalled witness is knowledgeable about a material issue, that the witness would naturally be expected to provide noncumulative testimony favorable to the prosecution, and that the witness is available to such party *(see, People v Gonzalez,* 68 NY2d 424). The court's refusal to give a missing witness charge was not error in the absence of any indication that the nontestifying officer would have provided testimony which was material and noncumulative *(see, People v Lewis,* 150 AD2d 499, 501). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.