■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered September 11, 1989, convicting him of sodomy in the first degree (two counts) and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the convictions for sodomy in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The evidence adduced at trial was legally insufficient to establish that the defendant committed the crime of sodomy in the first degree by engaging in "deviate sexual intercourse" (Penal Law §§ 130.00 [2]; 130.50), that is, that the defendant's penis touched the victim's anus *(see, People v Stroman,* 84 AD2d 851, 851-852). The medical testimony established that the victim's injuries could have been caused by the insertion of a penis, a "blunt object", or several fingers, into his rectum, but did not conclusively establish which method was actually performed. However, contrary to the defendant's further contention, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt of sexual abuse in the first degree beyond a reasonable doubt because the defendant's actions, whether he inserted his penis, a "blunt object", or several of his fingers into the victim's rectum, constituted "sexual contact" within the meaning of Penal Law §§ 130.00 (3) and 130.65 *(see, People v Ditta,* 52 NY2d 657, 660-661; *People v Watson,* 171 AD2d 826).

Finally, we find that the court properly denied the defendant's request for a missing witness charge as to the victim's

nine-year-old brother for two reasons. First, the defendant's request, made after both sides rested, was untimely (see, People v Gonzalez, 68 NY2d 424, 427-428; People v Bradley, 160 AD2d 808; People v Waldron, 154 AD2d 635). Second, the defendant failed, in any event, to sustain his burden of showing that the victim's brother was knowledgeable about a material issue pending in the case and that his testimony would have been favorable to the defense (see, People v Dianda, 70 NY2d 894, 896; People v Gonzalez, supra, at 427; People v Watson, supra; People v Everette, 167 AD2d 350). Although it was apparent from the testimony of the victim's grandmother and mother that his nine-year-old brother was home during the defendant's commission of the act, there was absolutely no indication that the brother witnessed it (see, People v Everette, supra; People v Lewis, 150 AD2d 499, 500-501). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.