■ In the Matter of ANTONIO R., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), entered April 3, 1990, which, upon a fact-finding order of the same court, also dated April 3, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and granted him a conditional discharge for one year.

Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree; and so modified, the order of disposition is affirmed, without costs or disbursements.

On December 16, 1989, the complainant left his car unattended in front of a laundromat with the motor running, key in the ignition, and the doors closed but unlocked. As he paid for his laundry, he observed a "young Hispanic male" who was a "teenager" enter his car and drive off. The complainant notified the police. Approximately 40 minutes later, the police stopped the complainant's car and found a 30- to 40-year-old Hispanic male in the driver's seat and the appellant, a 14-

year-old Hispanic male, in the passenger's seat. The complainant was taken to the scene. He testified that he did not recognize either of these two people.

The appellant contends that the evidence is legally insufficient to establish his guilt of grand larceny in the fourth degree. We agree. A person is guilty of grand larceny in the fourth degree when he steals a motor vehicle which is valued in excess of $100 *(see,* Penal Law § 155.30 [8]). Here, the evidence establishes that the complainant could not identify the appellant as the person who took his car. Moreover, the circumstantial evidence simply establishes that the person who took the car was a young Hispanic male and that the appellant, who was a mere passenger, was a young Hispanic male. There is nothing else but the appellant's age and ethnic background which connects him to this crime. Accordingly, we find that the facts are not inconsistent with innocence and do not exclude to a moral certainty every reasonable hypothesis but guilt *(see generally, People v Betancourt,* 68 NY2d 707; *Matter of Anthony M.,* 142 AD2d 731; *People v Jimison,* 145 AD2d 648).

We further find that the evidence was legally insufficient to establish the appellant's guilt of criminal possession of stolen property in the fourth degree *(see,* Penal Law § 165.45 [5]). The People established that the appellant was arrested while sitting in the passenger seat of a stolen car. An adult was sitting in the driver's seat and had control of the keys. The physical condition of the car did not suggest that it was stolen. On this record, we find that there was insufficient proof that the appellant knew that the car was stolen. Moreover, an appellant's mere presence in an automobile cannot be equated with his possession thereof *(see, Matter of Garfield H.,* 185 AD2d 846; *People v Gregory,* 147 AD2d 497, 498; *People v Johnson,* 71 AD2d 692).

However, the evidence that the appellant was arrested while sitting in the front seat of a stolen car, without the owner's permission, was sufficient to support the conviction for unauthorized use of a motor vehicle in the third degree. A person is guilty of the crime of unauthorized use of a vehicle in the third degree when "[k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, *rides in* or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is *presumed* to know that he does not have such consent" (Penal Law § 165.05 [1] [emphasis supplied]; *see, People v*

*McCaleb,* 25 NY2d 394; *Matter of Garfield H., supra).* Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.