■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY ARNOLD, Appellant. [599 NYS2d 838] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 25, 1992, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, and a violation of Vehicle and Traffic Law § 402 (2), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of criminal possession of stolen property in the third degree and unauthorized use of a vehicle

in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The People failed to prove that the defendant had knowledge that the car in question was stolen, as the defendant could not tell from the condition of the car that it was stolen *(see, People v Bradley,* 143 AD2d 276), and his conduct did not indicate that he knew the car was stolen *(see, People v Zorcik,* 67 NY2d 670). Therefore, since the People failed to prove an essential element of the crime of criminal possession of stolen property in the third degree, that conviction must be reversed and that count of the indictment dismissed.

In addition, the People failed to prove that the defendant knew that he did not have the consent of the owner of the car to use it, an essential element of the crime of unauthorized use of a motor vehicle in the third degree. We find that the statutory presumption in Penal Law § 165.05 (1) does not apply under the circumstances of this case. Therefore, the defendant's conviction of unauthorized use of a motor vehicle in the third degree must be reversed and that count of the indictment dismissed.

In light of our determination, we need not reach the defendant's remaining contentions. Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.