■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MIDDLETON, Appellant. [618 NYS2d 83] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered September 3, 1991, convicting him of unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 14, 1990, the defendant was riding as a passenger in the rear seat of an automobile that had been reported stolen. Upon observing the vehicle, the police activated their turret lights and siren and a chase ensued. Moments later, the car stopped, the driver and front passenger ran into a nearby housing project, and the defendant attempted to flee as the police arrested him. In the car, the police found a loaded, operable semi-automatic pistol and a slap-hammer used to remove ignitions. The police also discovered that the car's ignition was missing and that there were no keys to operate the vehicle. The codefendant testified that he and the defendant had accepted an invitation to ride in the car and did not know that the car was stolen.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of unauthorized use of a vehicle in the third degree beyond a reasonable doubt *(see, People v Roby,* 39 NY2d 69; *Matter of Antonio R.,* 186 AD2d 200; *Matter of Garfield H.,* 185 AD2d 846). The conflicting testimony provided by the codefendant merely presented a question of credibility. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the court properly denied the defendant's request for a missing witness charge as to one of the owners of the car. The defendant failed to sustain his burden of showing that the proposed witness was knowledgeable about a pending material issue *(see, People v Gonzalez,* 68 NY2d 424, 427-428; *People v Rivera,* 174 AD2d 581; *People v King,* 128 AD2d 805).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.