■ In the Matter of JOHN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [645 NYS2d 294] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) so much of an order of the Family Court, Westchester County (Tolbert, J.), entered May 5, 1995, as, upon reargument, adhered to a fact-finding order of the same court entered February 27, 1995, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, and (2) an order of disposition of the same court entered May 30, 1995, which, upon the fact-finding order entered February 27, 1995, adjudged him to be a juvenile delinquent, and sentenced him to a conditional dis-

charge for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order entered February 27, 1995.

Ordered that the appeal from the order entered May 5, 1995, is dismissed, without costs or disbursements, as no appeal lies as of right from such an order (*see,* Family Ct Act § 365.1); and it is further,

Ordered that on the appeal from the dispositional order entered May 30, 1995, the fact-finding order entered February 27, 1995, and the order entered May 5, 1995, made upon reargument, are modified, on the law, by deleting therefrom the provisions finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fourth degree and substituting therefor provisions dismissing so much of the petition as alleged that he had committed such an act; and it is further,

Ordered that the dispositional order entered May 30, 1995, is modified, on the law, by deleting from the first decretal paragraph thereof the words "crimes of Criminal Possession of Stolen Property in the fourth degree, as defined by section 165.45 (5) of the Penal Law, a class E felony; and" and substituting therefor the words "crime of"; as so modified the dispositional order is affirmed, without costs or disbursements.

We agree with the appellant's contentions that the evidence was legally insufficient to prove that he knowingly was in possession of a stolen car. Knowledge that the property is stolen is a necessary element which may be provided by circumstantial evidence (*see, People v Zorcik,* 67 NY2d 670). Thus, a person located in a stolen car can be found to be in knowing possession where, for example, ignition locks are damaged or some other conduct, such as flight, gives rise to a reasonable inference that the occupant knows that the car is stolen (*see, People v Middleton,* 208 AD2d 958; *Matter of Brenda D.,* 186 AD2d 65; *People v Miller,* 114 AD2d 863). In the instant matter, there were insufficient indicia from which to reasonably infer that the appellant knew that the car, which he claimed that his friend had given him permission to drive, was stolen (*see, People v Von Werne,* 41 NY2d 584; *People v Arnold,* 194 AD2d 798; *Matter of Antonio R.,* 186 AD2d 200; *People v Felder,* 132 AD2d 705).

However, we find that the evidence was legally sufficient to sustain the finding that the appellant committed an act, which if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, since the trier of fact justifiably relied upon the statutory presumption


(Penal Law § 165.05 [1]) that the appellant knew that he lacked the owner's consent. Under all the facts and circumstances presented, the weight of the credible evidence did not overcome the presumption in this case (*see, Matter of Antonio R.,* 186 AD2d 200, *supra; People v Cullen,* 138 AD2d 501; *People v Felder,* 132 AD2d 705, *supra*). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.