■ In the Matter of RAUL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [670 NYS2d 830] —Order of disposition, Family Court, New York County (Richard Ross, J.), entered April 21, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and placed him with the Division for Youth for a period of 18 months, unanimously reversed, on the law, without costs, and the petition dismissed.

As respondent presentment agency correctly concedes, the evidence was insufficient to establish appellant's commission of acts constituting the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree (*Matter of Antonio R.*, 186 AD2d 200, 201). However, we reject the presentment agency's suggestion that, since the evidence would have been sufficient to establish unauthorized use of a vehicle in the third degree (Penal Law § 165.05), we should modify the fact-finding determination accordingly. Although unauthorized use of a vehicle was once considered a lesser included offense of grand larceny or criminal possession of stolen property (*People v Kirnon*, 39 AD2d 666, 667, *affd* 31 NY2d 877), such is no longer the case under the "impossibility" test subsequently enunciated by the Court of Appeals in *People v Glover* (57 NY2d 61, 64). Unauthorized use of a vehicle is not

a lesser included offense of larceny and stolen property crimes that do not, in the abstract, rather than under the particular facts, necessarily involve vehicles (*People v Vicks*, 138 AD2d 936, *lv denied* 72 NY2d 1050; *People v Edwards*, 104 AD2d 448; *People v Harrington*, 99 AD2d 854). Concur—Milonas, J. P., Ellerin, Tom, Mazzarelli and Saxe, JJ.