■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES B. STERLING, Appellant. [782 NYS2d 319]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 5, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree and coercion in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of robbery in the second degree and dismissing count one of the indictment and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the second degree (Penal Law § 160.10 [3]) as a lesser included offense of robbery in the first degree (§ 160.15 [4]), and further convicting him of coercion in the second degree (§ 135.60 [1]). As conceded by the People, County Court erred in submitting robbery in the second degree as a lesser included offense of robbery in the first degree, of which defendant was acquitted. As defined by section 160.10 (3), robbery in the second degree involves the theft of a motor vehicle, while robbery in the first degree involves the theft of any kind of property. Thus, the former crime has an element that is not an element of the latter crime, and it is therefore possible to commit robbery in the first degree without, by the same conduct, committing robbery in the second degree as defined by section 160.10 (3) (*see People v Quarcini,* 4 AD3d 864, 865 [2004]; *Matter of Raul M.,* 248 AD2d 336, 336-337 [1998]; *People v Vicks,* 138 AD2d 936 [1988], *lv denied* 72 NY2d 1050 [1988]; *see generally* CPL 1.20 [37]; *People v Barney,* 99 NY2d 367, 371 [2003]; *People v Glover,* 57 NY2d 61, 63 [1982]).

In view of our determination and defendant's acquittal of robbery in the first degree, there is no need for us to address defendant's challenges to the legal sufficiency of the evidence with respect to the conviction of robbery in the second degree or the severity of the sentence imposed thereon. We have considered defendant's challenge to the court's evidentiary ruling and conclude that it is without merit. We therefore modify the judgment by reversing that part convicting defendant of robbery in the second degree and dismissing count one of the indictment, and we remit the matter to County Court for proceedings pursuant to CPL 460.50 (5). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.