Matter of D.P. (2025 NY Slip Op 02132)

Matter of D.P.

2025 NY Slip Op 02132

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. D-07758/23|Appeal No. 4083|Case No. 2024-03369|

[*1]In the Matter of D.P., Respondent-Appellant, A Person Alleged to be a Juvenile Delinquent. Presentment Agency

Larry S. Bachner, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for presentment agency.

Order of disposition, Family Court, New York County (Betsey Jean-Jaques, J.), entered on or about April 11, 2024, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination, same court (Hasa A. Kingo, J.), dated December 20, 2024, that he committed acts which, if committed by an adult, would constitute the crimes of criminal possession of stolen property in the third, fourth, and fifth degrees, and unauthorized use of a vehicle in the third degree, and placed him on level one probation for a period of eight months, unanimously modified, on the law, to the extent of vacating defendant's convictions of criminal possession of stolen property in the fourth and fifth degrees, as lesser included offenses of criminal possession of stolen property in the third degree, and otherwise affirm, without costs.
The court's findings that appellant committed the juvenile acts of criminal possession of stolen property and unauthorized use of a vehicle were supported by legally sufficient evidence and comported with the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The testimony of the detective who saw appellant briefly, but at close range, behind the wheel of a moving stolen car, and then recognized him as the driver on the street a short time later, provided ample evidence as to each element of both the stolen property charge and the unauthorized use charge. There is no basis for disturbing the court's determinations concerning credibility.
We agree with appellant and the presentment agency concedes, that the court should have vacated his convictions of criminal possession of stolen property in the fourth and fifth degrees as lesser included offenses of criminal possession of stolen property in the third degree. "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'" (CPL 1.20[37]). However, appellant's argument that unauthorized use of a vehicle is a lesser included offense of criminal possession of stolen property is incorrect. It is possible to criminally possess stolen property without also committing, by the same conduct, the crime of unauthorized use of a vehicle, because the criminal possession statute does not require possession of a motor vehicle as the other statute does (see Matter of Raul M., 248 AD2d 336, 336-337 [1st Dept 1998]).
The court properly denied appellant's request for a Dunaway hearing in the absence of any physical evidence, identification evidence, or statements that appellant sought to suppress. A Dunaway hearing will only be granted when a defendant raises a material issue as to whether some evidence such as physical evidence, a statement, or an identification was obtained pursuant to an unlawful arrest (see People v Burton, 6 NY3d 584, 587 [2006]).
We have considered and rejected appellant's remaining [*2]arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025